NICHOLAS W. BINDSEIL, trustee in bankruptcy, complainant and respondent,

*v.*

EDWIN F. SMITH, defendant and appellant.

[Filed November 19th, 1900.]

1. A state court is not prevented from acquiring jurisdiction over a cause instituted by a trustee in bankruptcy to recover property unlawfully assigned by the bankrupt to the defendant, merely because, in the bankruptcy proceedings, the United States district court, at the instance of the petitioning creditors, had enjoined the defendant from disposing of the property until the further order of that court.

2. The court of chancery has jurisdiction of a suit brought to compel the defendant to transfer to the complainant a promissory note, a bond and mortgage and book accounts, to which the defendant has a legal title voidable, under the federal Bankrupt act, at the option of the complainant.

On appeal from an order advised by Vice-Chancellor Pitney, whose opinion is reported in *14 Dick. Ch. Rep. 116.*

Mr. *Robert H. McCarter,* for the appellant.

Mr. *Joseph D. Gallagher,* for the respondent.

The opinion of the court was delivered by

DIXON, J.

A trustee in bankruptcy, appointed by the United States district court in this district, filed a bill in the court of chancery to obtain the legal title to a note, bond and mortgage and certain accounts, which the bankrupt had assigned to the defendant, one of his creditors, within four months before the filing of the petition in bankruptcy, which assignment was alleged to be voidable, as a preference made in violation of the Bankrupt act. The defendant pleaded to this bill that the United States district court had acquired exclusive jurisdiction of that controversy, by reason of the fact that, before this bill was filed, the creditors on whose petition the bankruptcy was adjudged had presented to that court another petition, praying that this defendant might be enjoined from disposing of the property so assigned to him, and thereupon the court, after the appearance of the defendant and argument against the issuance of such an injunction, had enjoined the defendant from disposing of the property until the further order of the court. This plea having been overruled, the defendant appeals.

It is manifest that the district court never had any jurisdiction over the present controversy, which is joined between the trustee, as the representative of all the creditors, and the defendant. This suit is not a part of the "proceedings in bankruptcy" instituted in the district court (*Bardes* v. *First National Bank, 20 Sup. Ct. Rep. 1000*), and nothing in those proceedings affects the right of the trustee to determine for himself in what forum, within those permitted by the law, he will bring an action to enforce his title to property against adverse claimants. The right of the trustee to bring such an action as the present is distinctly recognized in clause 2 of the twenty-third section of the Bankrupt act, but he cannot maintain it in the United States district court, "unless by consent of the proposed defendant." *Bardes* v. *First National Bank, ubi supra.* The consent there intended is consent to the *suit by the trustee.*

The contention that such a suit as this is not embraced in clause 2, because the bankrupt himself could not have main-

tained the suit, is fully met by the decision of the United States supreme court, just cited, that the clause concerns jurisdiction only, not the merits of the controversy.

The question whether the district court has, by its injunction, taken such control of the property as will interfere with the power of the defendant to surrender it to the trustee, in case the court of chancery should require him to do so, will be more properly presented for consideration after the right of the trustee is ascertained. It is unlikely that any difficulty can arise, seeing that the trustee has been appointed by the federal court, and that, according to the decision of the federal supreme court, the jurisdiction of the state court is complete.

The appellant further insists that, as fraud in the transfer is not alleged, but merely illegality under the Bankrupt act, a court of equity has no jurisdiction by common law, and such jurisdiction cannot be conferred on a state court by a federal statute. Conceding that our own laws must point out which of our own courts is competent to afford a remedy in such cases, we think the relief prayed is properly sought in the court of chancery. The complainant seeks to compel the defendant to transfer the legal title of certain choses in action which he now holds. Such a transfer requires the execution of a written instrument by the defendant, for obtaining which the procedure in equity is more adapted than that in the courts of law. A judgment against the defendant for damages would not be an adequate remedy for the loss of claims against other persons, one of which is secured also by a lien on lands. The jurisdiction of a court of equity to decree the transfer of such writings is clear. *Jackson* v. *Butler, 2 Atk. 306;* cases cited in notes to *Pusey* v. *Pusey, 1 Lead. Cas. Eq.* *820; 1 Pom. Eq.* §§ *175, 185.*

The plea was properly overruled, and the order appealed from is affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF-JUSTICE, VAN SYCKEL, DIXON, COLLINS, FORT, HENDRICKSON, BOGERT, ADAMS, VREDENBURGH, VOORHEES—11.

*For reversal*—None.