[Civ. No. 1852. First Appellate District.—December 16, 1916.]

## M. S. BRAZIL, Respondent, v. MANUEL AZEVEDO et al., Defendants; MANUEL AZEVEDO, Appellant.

ACTION FOR GOODS SOLD — PENDENCY OF BANKRUPTCY PROCEEDINGS AGAINST PARTNERSHIP DEFENDANT — JURISDICTION OF SUPERIOR COURT.—In an action brought against certain individuals and a copartnership consisting of such individuals for the recovery of the value of merchandise sold by the plaintiff to the copartnership, and also for the recovery of various amounts due other creditors and which had been assigned to the plaintiff, the superior court is not deprived of jurisdiction by the pendency at the time of the filing of the complaint of bankruptcy proceedings against the partnership and two of the three named individual defendants.

ID.—BANKRUPTCY ACT—STAY OF PENDING ACTION IN STATE COURT.— Under section 11a of the Bankruptcy Act of 1898, while a suit which is founded upon a claim from which a discharge would be a release, is stayed until the adjudication or dismissal of the petition, and may be further stayed by the United States district court as therein provided, a state court in which suit is pending is not deprived of jurisdiction.

ID.—LIABILITY OF DEFENDANTS — PLEADING — LACK OF UNCERTAINTY.— The complaint in such an action is not rendered either ambiguous or uncertain by the allegation that each of the defendants became indebted to the plaintiff for the goods furnished, and that they were

so furnished at the special instance and request of each of the defendants.

ID.—LOCATION OF PARTNERSHIP — PLACE OF SALE OF GOODS — IMMATERIAL AVERMENTS.—Where such an action is brought in a court of general jurisdiction and personal service of summons made, the complaint is not rendered ambiguous for failure to allege the place where the partnership business was conducted and the goods sold.

ID.—INTEREST—CLAIMS BASED UPON CONTRACTS.—Interest is properly allowed in such an action on the various amounts found to be due to the plaintiff, in view of the fact that the liability of the defendant was in each instance based upon contract for goods sold at certain prices or at current market value, or was for an agreed rental, or for money loaned with interest fixed by agreement.

ID.—ASSIGNMENT OF CLAIMS—CONFORMANCE TO RULE OF BANKRUPTCY COURT NOT REQUIRED.—In such an action it is not necessary that the assignment should comply with the form required by a rule of the United States district court.

ID.—PARTNERSHIP—LIABILITY OF PARTNER FOR DEBTS.—A copartner, while his obligation is joint, is still liable to a creditor for the entire amount of the partnership debt.

APPEAL from a judgment of the Superior Court of Alameda County.  J. O. Moncur, Judge presiding.

The facts are stated in the opinion of the court.

A. Q. Lomba, and W. W. Moreland, for Appellant.

Gonsalves & Keller, for Respondent.

LENNON, P. J.—This action was brought against Manuel Azevedo, John S. Marshall, J. Rodgers and Melrose Central Creamery, the latter being a copartnership consisting of the three individual defendants named, and was for the recovery of the value of merchandise sold by the plaintiff to said copartnership, and also for the recovery of various amounts due other creditors and which had been assigned to the plaintiff.

After trial, judgment went in favor of the plaintiff and against defendant Manuel Azevedo, it having appeared by the answer of Azevedo's codefendants—and which was admitted to be true by the plaintiff—that in bankruptcy proceedings they had severally been discharged from the indebtedness upon which the plaintiff's claim was founded.

The appeal is by Azevedo from the judgment; and the first point made by him is that his demurrer to the amended complaint should have been sustained. The demurrer was upon the ground of lack of facts, and particularly upon the ground that the trial court had no jurisdiction to proceed with the trial of the action, because it was shown by the averments of the amended complaint that bankruptcy proceedings were pending in the United States district court against the copartnership of which appellant and his other codefendants were members and against his said copartners.

The pendency of these proceedings in bankruptcy did not deprive the superior court of jurisdiction of this cause. Section 11a of the United States Bankruptcy Act of 1898 provides that: "A suit which is founded upon a claim from which a discharge would be a release, and which is pending against a person at the time of the filing of a petition against him, shall be stayed until after an adjudication or the dismissal of the petition; if such person is adjudged a bankrupt, such action may be further stayed until twelve months after the date of such adjudication, or, if within that time such person applies for a discharge, then until the question of such discharge is determined." It is apparent from this provision of the act that while a suit of the character mentioned is stayed until the adjudication or dismissal of the petition, and may be further stayed by the United States district court as therein provided, a state court in which such a suit is pending is not deprived of jurisdiction. Speaking of the effect of this section of the Bankruptcy Act, it is said in Collier on Bankruptcy (6th ed.), at page 145: "But the state court does not lose jurisdiction (citing *Bindseil* v. *Smith,* 61 N. J. Eq. 645, 5 Am. Bank. Rep. 40, [47 Atl. 456]). The stay is directed to the suitor, not the court, and the latter may go on if the cause is moved by the person enjoined, and a judgment resulting will be valid. The remedy of a party thus aggrieved is in contempt proceedings."

It is also urged that the amended complaint is ambiguous and uncertain for the reason that it is therein alleged that *each* of the defendants became indebted to the plaintiff for the goods furnished, and that they were so furnished at the special instance and request of *each* of the defendants. We do not see that such an allegation makes the complaint either ambiguous or uncertain. The allegation might or might not

be susceptible of proof; but the appellant's liability would be established by proof that the goods were supplied to the copartnership at the request of any of the copartners. The apprehension that the plaintiff was seeking to recover his total claim against each of the partners was set at rest by the proof offered and by the amount of the judgment rendered.

Another ground of ambiguity urged is that the complaint did not disclose whether the partnership was formed in the state of California, nor whether its business was conducted and the goods sold in this state. In view of the fact that the action was brought in a court of general jurisdiction, that personal service was had upon the appellant, who appeared in person and by counsel, these matters became immaterial. We think it evident that the court committed no error in overruling the demurrer to the amended complaint.

Appellant next complains that the court allowed interest on the various amounts found to be due to the plaintiff. As the liability of the defendant was in each instance based upon contract for goods sold at certain prices or at current market value, or was for an agreed rental or for money loaned with interest fixed by agreement, the court was justified under section 3287 of the Civil Code in allowing interest as it did.

The form of the assignment to the plaintiff of certain claims included in his demand is also criticised as not complying with a certain rule of the United States district court. As to this it is sufficient to say that while that court in bankruptcy proceedings might not recognize an assignment unless made in accordance with its rule, that court has not undertaken to lay down requisites for a valid assignment of a chose in action generally.

Certain findings of the court as to the several amounts due on claims are also attacked as not supported by the evidence, and certain portions of the record are referred to in support of appellant's contention. The respondent in his brief, in answer to these objections of the appellant, has contented himself with saying: "As we understand the rules of this court and the law applicable to appeals under the alternative method, we do not believe that that portion of the brief headed 'The Evidence' contains any matters which we should be justified in taking up the time of this court in answering."

If by this the respondent alludes to the rule of the court requiring any evidence referred to by counsel in support of

a point to be printed in the brief, and to the neglect of the appellant to follow this requirement, we would say that the court does not always deem the failure to comply with this rule a sufficient reason for refusing to consider a point that is apparently meritorious. In the present instance the court thought proper to pass upon the point raised, and, as the result of respondent's failure to answer it in his brief, we were required to devote considerable time to a minute examination of a complicated account, the evidence as to which had been introduced in a loose, disconnected, and haphazard manner; and our examination would have been greatly facilitated if respondent's counsel had replied to his opponent in less laconic fashion. As the result of our examination we are of the opinion that the appellant's contention as to the findings in question is not borne out by the record.

The remaining points raised by the appellant are all grounded upon the general proposition that a judgment was rendered against him alone upon a partnership liability. But a copartner, while his obligation is joint, is still liable to a creditor for the entire amount of the debt; and, as we have seen, in the case at bar the appellant's copartners and the copartnership were all joined as defendants, and the judgment would have gone against them but for the fact appearing in the record that they had been discharged by the bankruptcy court from their liability to pay the claims for which the appellant was held. We do not see how, under the circumstances, the trial court could have rendered any other judgment than the one it did, or how a judgment against his codefendants would have been of any benefit to the appellant.

The judgment is affirmed.

Richards, J., and Kerrigan, J., concurred.