[S. F. No. 8606. In Bank.—November 29, 1918.]

JULIAN H. OLCOVICH, as Executor of the Last Will and Testament of HERRMAN OLCOVICH, Deceased, Appellant, v. GRAND TRUNK RAILWAY COMPANY OF CANADA (a Corporation), Respondent.

COMMON CARRIERS — INJURY TO FREIGHT — MEASURE OF DAMAGES— COMMON LAW.—At common law, in the absence of any contract limiting the liability, the depreciation of the market value at the point of destination is the measure of damages for injury to shipments of freight.

ID.—BILL OF LADING—LIMIT OF LIABILITY.—Where a bill of lading provides that the amount of any loss or damage for which the carrier becomes liable shall be computed at the value of the property at the place and time of shipment, such contract governs in fixing the measure of damages.

ID.—BREACH OF CONTRACT—GENERAL RULE OF DAMAGES.—The general rule of damages for breach of contract is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which in the ordinary course of things would be likely to result therefrom.

ID.—DAMAGE EXCEEDING VALUE—MEASURE—FREIGHT.—Where the damage to freight exceeds the cost or value at the point of shipment, the limitation upon the damage by the contract in such case is the value at the point of shipment plus the freight, if paid.

ID.—INTEREST.—In such case interest should be allowed from the date of delivery of the goods on the depreciation of market value.

ID.—DAMAGE TO SHIPMENTS OF PAPER—RECOVERY FOR RECONDITIONING. In an action against a common carrier for damage for injury to shipments of wrapping paper, so far damaged that it had no market value except as waste paper, but which was reconditioned by the consignee in an effort to reduce the loss, the plaintiff should be allowed the expenditures made in reconditioning the paper.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. George A. Sturtevant, Judge. Reversed.

The facts are stated in the opinion of the court.

William E. Billings and C. V. Riccardi, for Appellant.

Elmer Westlake and E. J. Foulds, for Respondent.

WILBUR, J.—Plaintiff appeals from a judgment and order denying a motion for new trial in an action to recover damages for injury to two shipments of freight by plaintiff's testator, from Berlin, New Hampshire, to San Francisco, California, under bills of lading issued by the defendant. The first consignment consisted of three thousand rolls of wrapping paper, shipped March 27, 1907, weighing thirty-five tons, costing $1,221.60 in Berlin, with freight paid thereon amounting to $416.79. The second consignment, shipped October 23, 1907, consisted of 570 bundles of wrapping paper, weighing twenty-six tons, costing $1,196.59 in Berlin, with freight paid thereon amounting to $344.73. Both shipments were so far damaged that they had no market value except as waste paper. The value of the first shipment as waste paper in San Francisco was not to exceed $165, and that of

the second shipment not to exceed $130. Plaintiff's testator, however, in an effort to reduce the loss, reconditioned the first shipment at an expense of $1,144.54. Its value was so increased that it sold for $1,558.82, making the net value of the reconditioned paper $414.28, instead of its waste paper value of $165. In the same manner the net value of the second shipment was increased by reconditioning to $770.13. The reconditioning consisted of sorting out the damaged and destroyed paper and retying the paper in new bundles with new wrapping thereon.

The actual expenditures of the plaintiff's testator on the first shipment were the cost, $1,221.60, the freight, $416.79, and the expense of reconditioning, $1,144.54, while the amount realized therefor was $1,558.82, making the total expenditures $1,224.11 in excess of receipts. On this shipment the trial court allowed as damages sixty dollars. On the second shipment the expenditures exceeded the receipts by $770.19. On this shipment the trial court allowed forty dollars as damages. The actual money loss of plaintiff's testator was, therefore, $1,994.30 and the judgment was one hundred dollars.

The sole question presented by the appeal is the measure of damages.

It is conceded that at common law, in the absence of any contract limiting the liability, the depreciation of the market value at the point of destination is the measure of damage. (*Ringgold* v. *Haven & Livingston,* 1 Cal. 108, 118; *Hart* v. *Spalding,* 1 Cal. 214; Civ. Code, sec. 3316.) The bill of lading, however, provided "that the amount of any loss or damage for which the carrier becomes liable shall be computed at the value of the property at the place and time of shipment," and it is conceded that such contract governs in fixing the measure of damages. (Hutchinson on Carriers, 3d ed., sec. 430; Civ. Code, sec. 2174; *Donlon Brothers* v. *Southern Pacific Co.,* 151 Cal. 763, [12 Ann. Cas. 1118, 11 L. R. A. (N. S.) 811, 91 Pac. 603].) Appellant claims that he is entitled to recover the value of the paper at Berlin, plus the freight and other charges expended to get it to San Francisco, plus the expenditures to put the property in a salable condition, less the amount for which the goods sold, plus interest on the balance from the date of delivery. Respondent claims that the measure of damages is the difference

between the market price of the paper and the market value of the damaged paper at Berlin as of the time of shipment, of which latter no evidence was offered. No authority for this proposition is cited or has been found. When the loss is total, it has been held in this state that under such a contract the measure of damages is the value at the time and place of shipment, plus freight and interest. (*Pierce* v. *Southern Pacific Co.,* 120 Cal. 156, [40 L. R. A. 350, 47 Pac. 874, 52 Pac. 302].) The authorities are not in accord as to the measure of damages in case of partial loss or injury. In Corpus Juris it is said: "Very generally the view is entertained that such stipulations are to be considered as permitting recovery for the damage actually done, the amount recoverable not to exceed the amount agreed on as compensation for the total loss." (10 Corpus Juris, sec. 612. See, also, sec. 612, 3 Sutherland on Damages, 3391, citing *Wilson Co.* v. *Illinois Cent. Ry. Co.,* 130 Tenn. 92, [169 S. W. 311].) While the exact question has never been determined in this state, in the case of a partial loss under such a contract, it has been determined, in harmony with the general view, that the loss is limited by the value stated and agreed upon in the bill of lading in the case of a total loss. (*Pierce* v. *Southern Pacific Co., supra.*) If this limit is valid as to a total loss, there seems to be no reason why it should not also be considered as a limitation upon the damage in the case of a partial loss. The general rule of damage for breach of contract is the "amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom." (Civ. Code, sec. 3300.) As has been said, this is the value at the point of destination in case of total loss (Civ. Code, sec. 3316), and the depreciation in value at that point in case of partial loss, unless limited by contract. As to the question of freight. It is not allowed as such. If the shipment follows the proper lines of commerce, the market value at the destination will include freight. If, however, as may be the result in the instant case, the damage thus estimated exceeds the cost or value at the point of shipment, the question remains as to whether the limitation upon the damage by the contract is the cost plus the freight, or the cost alone; that is to say, as to the first shipment in the instant case, whether limit of liability is $1,221.60, the cost at Berlin,

New Hampshire, or $1,638.39, the cost plus the freight. There seems to be no logical reason for a different rule, in the case of a partial and a total loss. In the instant case to say that in case of a total loss the recovery could be $1,638.39, but that where there was a salvage value of $165 the recovery must be $1,221.60, less $165, instead of $1,638.39, less $165, would be as absurd as it is unjust. The limitation, therefore, upon the liability is the value at the point of shipment plus the freight, if paid. The supreme court of Colorado has recently laid down this rule in *Denver Co.* v. *Peterson Co.,* 59 Colo. 125, 130, [147 Pac. 663], and our own decision in *Pierce* v. *Southern Pacific Co., supra,* compels us to the same view. The question of plaintiff's right to interest is also raised. Respondent claims that although interest was allowed in the case of *Pierce* v. *Southern Pacific Co., supra,* in case of a total loss, it should not be allowed in case of a partial loss, under the rule that interest is not allowed in the case of unliquidated damages. The statutory rule is that "every person who is entitled to recover damages, certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day," etc. (Civ. Code, sec. 3287.) If, within the meaning of this rule, a claim based upon the value at the point of shipment, as in the case of a total loss, is to be deemed "capable of being made certain, as we held in *Pierce* v. *Southern Pacific Co., supra,* the fact that it requires the proof of two market values to establish the damage in the case of a partial loss instead of one, that is, the market value at destination of the goods, if uninjured, and the market value of the damaged goods, would not be sufficient to render the amount of damage "uncertain," within the rule. We are, therefore, of the opinion that interest should be allowed from the date of delivery of the goods on the depreciation of market value. This case was not tried on this theory of the measure of damages. Appellant proved the cost and value in Berlin, New Hampshire, the freight thereon, and the selling price of the "reconditioned" goods and the cost of such reconditioning. While there are late cases holding that the measure of damages under such a bill of lading as that herein is the difference between the cost price at the shipping point and the selling price of the injured freight at the point of destination

(*Wallingforth* v. *Atchison etc. Ry. Co.,* 101 Kan. 544, [L. R. A. 1918B, 716, 167 Pac. 1136]), and under this rule the evidence here furnished a sufficient foundation for such a determination, we prefer to follow the general view above stated, and under this rule the evidence is insufficient to determine the market value in San Francisco, either of the goods as sold, or the value if uninjured, nor does the record squarely present the matter. However, as it was shown that 570 bundles cost $1,196.59 in Berlin and 365 bundles thereof sold for $1,108.35 in San Francisco, and three thousand rolls cost $1,221.60 in Berlin and that 2,720 thereof sold for $2,000.22 in San Francisco, and as the "reconditioning" consisted simply of discarding the paper that was torn and dirty, and retying the balance into bundles, it is a necessary inference from the evidence that the plaintiff was at least injured to the extent of the expense of reconditioning the paper, over one thousand eight hundred dollars, and for this reason the judgment for one hundred dollars should be reversed. The defendant claims that the plaintiff should not be allowed the large expenditures made in reconditioning the paper. The result of this work was to substantially increase the value of the reconditioned paper over the value thereof before the work, plus the cost of reconditioning. The defendant was entitled to the benefit of the net gain resulting from such reconditioning, namely, the difference between the value before such work and the net value thereafter, and, therefore, should be charged with the cost thereof.

The judgment is reversed.

Melvin, J., Richards, J., *pro tem.,* Sloss, J., Lorigan, J., and Angellotti, C. J., concurred.