[Civ. No. 4432.  First Appellate District, Division Two.—June 15, 1923.]

## SCOTT, MAGNER & MILLER (a Corporation), Respondent, *v.* BEN MOZZETTI, Appellant.

[1] SALES — REASONABLE VALUE — EVIDENCE — JUDGMENT — APPEAL — PRESUMPTION.—In an action to recover the reasonable value of certain alfalfa hay sold and delivered, where the value of the hay, according to plaintiff's witnesses, was a sum slightly less than that stated in the complaint and the trial court rendered judgment for the full amount sued for, the appellate court must assume that the trial court believed plaintiff's witnesses were more nearly

correct and that the trial court accepted the highest price stated by those witnesses, notwithstanding defendant's witnesses testified that the value was much less; and the appellate court in such case will modify the judgment by reducing it to the highest valuation testified to by plaintiff's witnesses.

[2] Id.—Interest.—The contract for the sale of the hay not having provided for the payment of interest on deferred payments, and plaintiff not having been entitled to the contract price, but only to the reasonable value of the hay, and that value not having been ascertained until the judgment was rendered, plaintiff was not entitled to interest before the date of the judgment.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge. Modified and affirmed.

The facts are stated in the opinion of the court.

Wm. P. Caubu for Appellant.

A. A. Sanderson for Respondent.

STURTEVANT, J.—The plaintiff commenced an action to recover a judgment for merchandise sold and delivered. Judgment went for the plaintiff and the defendant has appealed. The plaintiff was, prior to July 1, 1920, engaged in the business of dealing in stock feed at wholesale. The defendant was a dairyman and purchased large quantities of hay of the plaintiff. In some years the purchases ran as high as $40,000. During the season of 1920 the plaintiff commenced to close up its affairs and go out of business. A difference having arisen between the plaintiff and the defendant, the plaintiff commenced its action by filing a complaint, the charging part of which is, "That the said defendant Ben Mozzetti is indebted to the plaintiff above named in the sum of nineteen hundred twenty-five and 50/100 dollars ($1,925.50) for goods, wares and merchandise sold and delivered by plaintiff to defendant at the special instance and request of said defendant, at the said city and county of San Francisco, state of California, together with the interest accrued on said sale, and for which the said defendant promised and agreed to pay to said plaintiff at said city and county of San Francisco, state

aforesaid, said sum of nineteen hundred twenty-five and 50/100 dollars ($1,925.50)." Later the plaintiff filed an amended complaint which is identical with the original complaint except that it claims $2,940.16 instead of $1,925.50. Thereafter the defendant filed an answer which denied the material allegations of the plaintiff's complaint and contained an allegation as follows: "That on or about the 19th day of May, 1920, said defendant agreed with said plaintiff to purchase a certain boatload of first-class, first-cut alfalfa hay and to pay therefor the sum of $32.00 per ton; that delivery was made by said plaintiff of alfalfa hay from what was known as the Enos Ranch; that delivery was made to the said defendant of a certain lot of hay which was not first-class and first-cut alfalfa hay from said Enos Ranch; that said defendant objected to the said delivery and refused to accept the said boatload of hay and that following such refusal said plaintiff agreed with said defendant that upon the acceptance of said hay by said defendant that said defendant should pay what was the reasonable value of the said hay; that said defendant agreed so to do; that the reasonable value of the said hay was $15.00 per ton and said defendant has offered and is now and has always been willing to pay for such hay at the rate of $15.00 per ton; that said plaintiff has refused to accept such payment." On the issues so made the parties went to trial. The plaintiff took up the burden of proof and called five witnesses to the stand. It called Mr. Hyde, the plaintiff's bookkeeper, and by him elicited the proof that the books showed a balance of account in the sum of $2,-940.16. By Mr. Miller, the plaintiff's manager, the plaintiff proved that on the nineteenth day of May, 1920, Mr. T. J. Code, acting for the plaintiff, entered into a contract with the defendant as follows:

"May 19, 1920.

"This is to certify that Scott, Magner & Miller have sold the named lots of alfalfa: Tony Valine, 160 tons at 32-½ Guadalupe Wharf, or So. San Francisco. A. T. Nunes, 70 tons at 32.50 same delivery, Alamo Bros. 100 tons at 32.50 same delivery. Three boatloads of the Enos hay, first lot at 32.00 Cabu's barn.

"(Signed)    T. J. Code,
"Ben Mozzetti."

The plaintiff, continuing the burden of proof, introduced evidence to the effect that hay from the Enos Ranch arrived on the Schooner "Thomas"; that there was in the load 105.4 tons; that of that quantity fifty per cent of the bales contained foxtail or other foul material; that the amount of the foul material was ten to fifteen per cent and that hay of that quality was, according to the varying testimony of the plaintiff's witnesses, worth $26 to $27.50 per ton. [1] The defendant introduced testimony that the value was much less, but in support of the judgment we must assume that the trial court believed the plaintiff's witnesses were more nearly correct, and that the trial court accepted the highest price stated by those witnesses. So assuming, the case stands thus: The total amount of the hay in question was 105.4 tons; fifty per cent thereof would be 52.7 tons; that quantity should have been charged at $27.50 per ton, whereas it was charged at $32 per ton, or, in other words, at a price $4.50 per ton too high. The overcharge on 52.7 tons was $237.15.

[2] The book account included a charge for interest, which item, according to the testimony of the bookkeeper, was computed down to December 31, 1920, and amounted to $956.88. That item was improperly inserted for two different reasons. The written contract made by the plaintiff's agent and the defendant did not call for the payment of interest on deferred payments. In the next place, the theory of the plaintiff in presenting its case was that the plaintiff was not entitled to the contract price, but was entitled to the reasonable value of the cargo of hay that was shipped on the Schooner "Thomas." That reasonable value was not ascertained until the judgment was rendered. Interest should not have been included before the date of the judgment. It therefore appears that the defendant was overcharged $237.15 on the defective hay and $956.88 as interest, making $1,194.03 in all. As the judgment of the trial court was for the total sum claimed, the judgment should be reduced $1,194.03. But the trial court in ruling on the motion for a new trial reduced its own judgment $500, therefore the present judgment stands of record for $2,440.16, whereas there should be deducted the further sum of $694.03, leaving it stand for the sum of $1,746.13. The

judgment is modified accordingly, and as so modified the same is affirmed. And it is further ordered that the appellant recover his costs.

Nourse, J., and Langdon, P. J., concurred.