[Civ. No. 7647.  First Appellate District, Division One.—January 25, 1932.]

SULMOCK FURNITURE MANUFACTURING COMPANY (a Corporation), Appellant, v. SAMUEL SPITZ et al., Defendants; HUGO MULLER, Jr., Respondent.

DeLancey C. Smith, Francis C. Brown and Murray Draper for Appellant.

Chas. W. Kitts and Thos. H. Nichols for Respondent.

ATTERIDGE, J., *pro tem.*—Appellant, as plaintiff in the court below, sought by its action to recover the agreed purchase price of 200 radio cabinets which it had manufactured to the order of defendants. The terms of sale were for cash on delivery—otherwise stated, title was not to pass until the purchase price was paid. This is apparent both from the allegations of plaintiff's complaint and its own conduct with respect to the goods as well. After a small number of the cabinets had been delivered, it expressly refrained from making further deliveries of the remaining balance of the order because payment therefor was not forthcoming, and filed this action for the agreed purchase price, which was $5,400, less a cash payment on account of $740.

During the pendency of the action, and while the remaining goods were in the possession of plaintiff, the same were totally destroyed by fire, and plaintiff received from various insurance concerns the sum of $3,400 in reimbursement of its loss as aforesaid. In its findings and judgment the trial court applied as determinative of the appropriate measure of damages, subdivision 2 of section 3311 of the Civil Code (as it existed prior to the recent adoption of the "Uniform Sales Act", Stats. 1931, p. 2234 et seq.) to wit: "the excess, if any, of the amount due from the buyer, under the contract, over the value to the seller . . . ", and awarded judgment for plaintiff in the sum of $1260, which is the difference between the purchase price less the cash payment and the sum received by plaintiff from the insurance carriers.

Appellant contends that since the money it received from its insurance carriers was derived as the fruits of its separate contract with the said carriers, respondent had no legal or beneficial interest therein. As a matter of law this contention may be conceded, but the correctness of the trial court's finding is in no way thereby impaired. For as previously pointed out title to the goods had not passed, and in such a case the measure of damage adopted by the court was the only one open to it. Because, as declared

in *Gopcevic* v. *California Packing Corp.,* 64 Cal. App. 132, at page 139 [220 Pac. 1078, 1081]:

"Where title to property contracted for has not passed the vendor upon a breach can have no cause of action upon the contract for the purchase price, his remedy in such case being controlled by section 3311 of the same code (Civ. Code), which establishes the measure of damages where title to goods sold remains in the seller. The latter section further provides that in the event that property the subject of sale is not disposed of by the vendor in accordance with section 3049 of the same code, the damages shall be the excess, if any, of the amount due from the buyer, under the contract over the value to the seller, together with the excess, if any, of the expenses properly incurred in carrying the property to the market over those which would have been incurred for the carriage thereof if the buyer had accepted it. The vendor may or may not sell the goods, the advantage of complying with the privilege given him being that in such case the price obtained is conclusive evidence of their value." (Citing authority.)

The value of these goods to plaintiff while in its possession after the defendant's breach of the contract was the amount it derived from the insurance companies. For unless it held title to the goods, as it did, it would have had no insurable interest in them and consequently no right to the proceeds it received upon their destruction. In so far as they tend to establish the value of the goods to plaintiff after defendants' breach of the contract, the fire and insurance payments resultant therefrom were, for all practical purposes, tantamount in their effect to that which would have been established by a sale thereof.

▇▇ Appellant makes the further claim that the court erred in refusing to allow it interest from the date it tendered delivery of the goods. By the testimony of its own witness, however, appellant proved that its goods had no established or reasonably well-known market value, as follows:

"Q. Mr. Sullivan, were these cabinets you manufactured of a special design?

"A. Yes.

"Q. Were they a type of cabinet that would be particularly useful to other customers?

"A. No, sir, they were not.

"Q. Did they have any value aside from the value to the person for whom they were designed?

"A. I would say not."

This testimony placed appellant's claim as to interest squarely within the rule announced in *Hewes* v. *Germain Fruit Co.*, 106 Cal. 441 [39 Pac. 853], where it was held that under section 3311 of the Civil Code interest is not recoverable in an action for breach of contract for the sale of personal property which has no established or reasonably well-known market value.

It follows that the judgment and order must be, and the same are hereby affirmed.

Tyler, P. J., and Knight, J., concurred.