[Civ. No. 9793. Second Appellate District, Division Two.—July 24, 1934.]

J. O. CLUTTER, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

136

Hardy & Hunt for Petitioner.

Everett W. Mattoon, County Counsel, and W. B. McKesson, Deputy County Counsel, for Respondent.

ARCHBALD, J., *pro tem.*—Petitioner intervened in an action for ejectment and for damages for withholding the possession of certain real property pending in respondent superior court, and filed his cross-complaint in another similar action pending therein in which he was named as a defendant, claiming title to the real property involved therein. Said actions were consolidated and a judgment followed quieting title to the property in petitioner. An appeal was taken from the consolidated judgment, which resulted in a reversal with the following direction: "The judgment is reversed and the trial court is directed to enter judgment for plaintiffs in accordance with the views expressed in this opinion." (*Conlin* v. *Blanchard*, 219 Cal. 632 [28 Pac. (2d) 12].) Following the filing of the *remittitur* after such decision on appeal, and on application of plaintiffs in said consolidated action, a judgment was entered therein by

respondent court decreeing that plaintiffs, who are the heirs at law of Sam Huston Collins, deceased, "are the owners", subject to administration of the estate of said decedent, "and are entitled to the possession" of said real property; that petitioner and his predecessors wrongfully entered into possession of said property and that "plaintiffs shall have the necessary writ or writs from this court to carry into effect this judgment". After providing for the recovery of costs of suit by plaintiffs from petitioner, the judgment continued: "That this cause be, and the same is, hereby continued for the purpose of taking evidence and stating the account of the reasonable rental value of said property, and for damages for the unlawful withholding of the same since June 17, 1930, and for such further proceedings in connection with the statement of said account as shall be proper."

■ Petitioner here contends that respondent court had no jurisdiction to do anything more than enter judgment as directed, and seeks to restrain such further proceedings determining the issue of damages for the unlawful withholding of said property or an accounting for the reasonable rental value thereof.

The Supreme Court in its decision on appeal held that the proceedings upon which petitioner's claim of title was based were void, and that he acquired such title after plaintiffs had "asserted their rights and filed their *lis pendens*". Under the circumstances petitioner had no right, title or interest in and to said property. His possession was wrongful *ab initio*, and plaintiffs had a right to unite in their complaint to recover said property a claim for damages for the withholding thereof and for the rents and the profits of the same. (Code Civ. Proc., sec. 427 [2].) ■ The record before us shows that plaintiffs united said claims in their complaint, but no evidence was introduced as to such damages or such rents and profits on the trial. If the judgment entered on the trial had been affirmed, both issues would have been finally determined against them. The judgment, however, was reversed, and a new judgment as to the claim of possession has been entered in accordance with the directions given. That issue has been finally determined. Not so, however, the issue as to damages or rents; and we see no reason why such issue should not now be determined in the original action. ■ Petitioner does not deny the right

of plaintiffs to have such issue determined, but urges that it must be done in a separate action, otherwise he will be denied the right to offset under section 741 of the Code of Civil Procedure, as against any amount found to be due plaintiffs from him for damages for such withholding or rental value, the value of permanent improvements placed upon the property by him and his predecessor in good faith and under color of title. Such claim of right, if it exists, cannot be denied, whether such damages or rental value is proved in the original or in a separate action, and in our opinion the order made, and to which objection is here urged, contemplates that ''an account'' will be taken, not only of such damages and reasonable rental value but of any permanent improvements placed upon said property by petitioner or his predecessor in good faith and while holding under color of title, and that such damages, or reasonable rental value, will be offset against the value of any improvements that may be found to have been so placed on the property, if such right of offset is found to exist.

We think we are not without authority for such action. In the case of *Raun* v. *Reynolds*, 15 Cal. 460, 469, as we read it, a judgment was reversed with the general direction to dispose of the case in pursuance of the principles of the opinion. The trial court, upon the filing of the *remittitur*, not only did that but it also appointed a referee to take an account of the rents and profits of the property in the hands of one Harris, which issue was not passed upon in the trial of the case. The court said: ''The directions of this decree, except the last one, are in express accordance with the decision of this court. . . . The general direction to the lower court, to proceed in pursuance of the principles announced in the opinion, is a mere formality, which of itself neither gives authority nor limits the power of the inferior tribunal. Without such direction, the principles being adjudged, the same duty would devolve upon that court. It could legally act in no other manner than in subordination to the principles declared by the superior tribunal. . . . The opinion disposes of the question of the power of the court in this way to order restitution of the property in specie, and we cannot see why a distinction should be made in a case of this sort between the power to restore money received by or from the sales of the property or of parts of it, as water.

. . . The court of equity having jurisdiction of the mortgage suits should close the whole controversy, by settling and adjusting the accounts of these parties.''

In our opinion it was within the power of the trial court, the right to the possession of the land having been finally settled, to determine and adjust the right to damages for withholding same, or to the rents and profits thereof, in the original action, considering in so doing any claimed right of offset under section 741 of the Code of Civil Procedure, if such right is found to exist.

Writ denied.

Stephens, P. J., and Desmond, J., concurred.