[L. A. No. 20486. In Bank. July 9, 1948.]

H. M. LINEMAN, as Executor, etc., Respondent, v. AUGUSTA SCHMID, as Administratrix, etc., et al., Appellants.

W. W. Wallace for Appellants.

H. M. Lineman, in pro. per., Mab Copland Lineman and Benjamin Lewis for Respondent.

SHENK, J.—On December 31, 1938, R. L. Rice commenced an action against several defendants to recover damages for breach of a contract to purchase flour executed on July 16, 1937. On May 20, 1946, a judgment for the plaintiff was entered awarding $10,905.95 as damages with interest at 7 per cent from December 2, 1938, the date of the breach. The defendants appealed.

At the date of the contract John Schmid operated the Eagle Bakery in Los Angeles. R. L. Rice was a jobber in flour, buying on his own account and selling to bakeries. The brands of flour covered by the contract, Ravalli, Gold Cross, and Isis, were manufactured in Montana under special formulas by the Montana Flour Mills Company. The contract specified 2,000 barrels of Ravalli at $7.10, 2,750 barrels of Gold Cross at $7.65, and 1,250 barrels of Isis at $7.15, to be shipped within 90 days on directions furnished by the buyer. The 90-day limitation meant that carrying charges would be added if not ordered under the contract until after the expiration of the specified period.

Various shipments were made in amounts as ordered by Schmid until January, 1938. In that month Schmid sold the

bakery to four persons who assumed the contract and who were named in the action as defendants with Schmid. Additional shipments were subsequently ordered but the price of wheat and consequently of flour continued to drop in that year and the defendants refused to direct further shipments. The seller thereupon and on December 2, 1938, terminated the contract. On that date there remained not ordered, and therefore undelivered, 688 barrels of Ravalli, 1,593 barrels of Gold Cross, and 474 barrels of Isis.

There have been three trials, three judgments and three appeals in this case. In the period between the commencement of the action and the first trial, Schmid died and his widow as administratrix of his estate was substituted in his place as defendant. A claim in the amount of $13,251.79, based on the cause of action arising from the breach of contract was filed against his estate. Prior to the third trial Rice died, and in November, 1945, the executor of his will was substituted as party plaintiff.

The first trial resulted in a judgment for the plaintiff in the sum of $712.45 damages. That purported amount of the plaintiff's loss on the undelivered flour was based on the market price of the flour on the date the contract was executed. The plaintiff appealed and the judgment was reversed (*Rice* v. *Schmid*, 18 Cal.2d 382 [115 P.2d 498, 138 A.L.R. 589]) on the ground that the correct measure of damages was the difference between the contract price and the market price for each brand of flour on December 2, 1938, the date of termination or breach of the contract. The trial court was directed to determine the amount of damages in accordance with the stated measure and enter judgment for the plaintiff for the amount so found.

After the filing of the remittitur on that appeal and a further hearing the court found that the plaintiff had only 200 barrels of the flour on hand on December 2, 1938, that 95 cents per barrel was the difference between the market price and the contract price, and entered judgment for $190. The plaintiff appealed the second time on the ground that the trial court failed to follow this court's direction.

On the second appeal it was determined that the trial court was bound by the direction given, and had no authority to try any other issue or to make any other finding than as directed. However, this court refrained from estimating the amount of the plaintiff's loss because of a conflict in the evidence as to the market price of each of the brands of flour

on December 2, 1938. Because of the absence of a finding resolving the conflict, it was said to be necessary to remand the case a second time ''for the purpose of ascertaining that price. The trial court may, of course, take such additional evidence as may be necessary to determine this issue.'' The judgment was reversed with directions ''(1) to ascertain the difference, on December 2, 1938, between the market price and the contract price for each brand of flour specified in the contract; (2) to compute the amount of plaintiff's damage by multiplying the total number of undelivered barrels of each brand of flour by the difference in price so found for that brand of flour; and (3) thereafter to enter judgment in favor of plaintiff and against all defendants for the amount of such damages.'' (*Rice* v. *Schmid,* 25 Cal.2d 259, 264 [153 P.2d 313].)

Upon the going down of the remittitur after that decision the trial court received additional evidence offered by the defendants, subject to the plaintiff's motion to strike, as to the purported market prices of the various brands of flour. Upon rendering judgment the court granted the plaintiff's motion and based its findings on the difference between the contract price and the market price of each brand of flour as shown by the conflicting evidence appearing solely from the prior record. The judgment for $10,905.95 with interest from December 2, 1938, was thereupon entered.

On the present appeal the defendants contend that the court erred in striking the additional evidence of market price introduced by them, that the evidence does not sustain the findings as to market price, and that the plaintiff is not entitled to interest for the period prior to judgment.

The court was not bound to receive or consider additional evidence on the issue of market price for the reason that there was no mandatory direction in that regard. However, the language of this court on the matter of receiving additional evidence on that issue was a recognition that the trial court could do so if such evidence was deemed material. The granting of the plaintiff's motion to strike the additional evidence indicated the trial court's conclusion that the offered testimony of the defendants' witnesses, as is shown by the transcript thereof, was not founded on any sales of the flour, had no relation to the time of the breach, but was based solely on each witness's opinion as of times substantially unrelated to and remote from the date of the breach. Had the court

considered this testimony as part of the record the most that could be said of it is that it would have created a further conflict in the evidence of market price. No prejudicial error is shown in granting the motion to strike.

█ The record does not show established market prices at any time for flour of the brands under contract. These brands were manufactured pursuant to special formulas for sale at wholesale under contracts with bakeries and other large consumers of flour. It was in evidence that the prices of these brands of flour varied from day to day, even on the same day and in the same area, depending on the contributing factors involved under each contract. There was no testimony of any established market price, and the witnesses, whose testimony of market price was based on factors of cost at the mill, carrying charges, and profit, were not in agreement. There was evidence that on December 2, 1938, the spread between market price based on such factors and the contract price per barrel was $4.57 for Ravalli, $4.89 for Gold Cross, and $4.89 for Isis, making an aggregate loss for the amount of flour undelivered on that date of $13,251.79. This was the amount sought by the complaint and by the claim on file in the Schmid estate. There was also testimony given by a representative of the Montana Flour Mills Company that the cost to Rice at Los Angeles on December 2, 1938, was $3.00 per barrel for Ravalli, $3.55 for Gold Cross, and $3.00 for Isis. Based on these figures and the relevant loss factors the court found that the plaintiff's loss was $3.95 per barrel for undelivered Ravalli flour, $3.95 for Gold Cross, and $4.00 for Isis, making the total of $10,905.95 for which the judgment was entered.

It is therefore apparent that the trial court followed the direction of this court to resolve the conflict in the evidence on the issue of market price, and that its findings are supported by the evidence.

The defendants support their contention that the trial court erroneously allowed interest from the date of the breach (1) on the absence of any direction therefor, and (2) because, so it is claimed, the damages were not certain or capable of being made certain by calculation within the meaning of section 3287 of the Civil Code.

In this case the absence of a direction on the prior appeal does not preclude the allowance of interest prior to judgment if such interest be proper under section 3287. Interest in that sense if allowable is an element of damages provided

by law. The article in the Civil Code incorporating sections 3287-3290 is entitled: "Interest as Damages." ██ Section 3287 provides for interest when a contract is involved, and section 3288 deals with interest in actions for breach of obligations not arising from contract. Such interest is in the nature of damages. (*Bare* v. *Richman & Samuels, Inc.,* 60 Cal.App.2d 413, 419 [140 P.2d 895]; *Selleck* v. *French,* 1 Conn. 32 [6 Am.Dec. 185, and note]; *Pearson* v. *Ryan,* 42 R.I. 83 [105 A. 513, 3 A.L.R. 805 and note].) ██ The original judgment entered in December, 1939, did not provide for interest, the plaintiff on the prior appeals did not assert a right thereto, and this court did not purport to determine the question. On the prior appeals the only matter under consideration was the correct measure of the principal loss. Therefore the direction to resolve the conflict on that issue in accord with the declared correct measure of damages neither enlarged nor limited the power of the trial court to determine the interest issue in accordance with law. (*Raun* v. *Reynolds,* 15 Cal. 459, 468; *Clutter* v. *Superior Court,* 140 Cal.App. 135, 138 [35 P.2d 152].)

The question then is whether, as applied to the record in this case, the plaintiff is entitled to interest prior to judgment pursuant to section 3287 of the Civil Code. The pertinent portion of that section provides: "Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day . . ."

██ The earliest application of the rule permitted interest only when the amount due could be ascertained from the face of the contract. (*Brady* v. *Wilcoxson* (1872), 44 Cal. 239, 245; *Coburn* v. *Goodall,* 72 Cal. 498, 509 [14 P. 190, 1 Am. St.Rep. 75].) *Cox* v. *McLaughlin,* 76 Cal. 60 [18 P. 100, 9 Am.St.Rep. 164], modified the distinction between liquidated damages, defined by the section as those certain or capable of being made certain, and unliquidated damages, although it was recognized that there might be further exceptions. In that case liquidated damages were defined as those which were certain by computation from the face of the contract, or which might be made certain by reference to well-established market values plus computation. If damages were not susceptible of ascertainment, either by computation from the contract or from established market rates, interest was not

allowable until the amount due had been determined by judicial process. On the appeal in that case the judgment was modified by striking the interest item.

The rule of section 3287 as so defined has generally been followed in this state. Some of the cases sustaining the rule are: *Hewes* v. *Germain Fruit Co.*, 106 Cal. 441 [39 P. 853], interest disallowed by modification on appeal; *Easterbrook* v. *Farquharson*, 110 Cal. 311 [42 P. 811], disallowed on appeal; *Swinnerton* v. *Argonaut L. & D. Co.*, 112 Cal. 375, 379 [44 P. 719], disallowed on appeal; *Ferrea* v. *Chabot*, 121 Cal. 233 [53 P. 689, 1092], disallowance upheld; *Macomber* v. *Bigelow*, 123 Cal. 532, 535 [26 P. 449], mechanics liens, allowance held error; *Macomber* v. *Bigelow*, 126 Cal. 9 [58 P. 312], same ruling where amounts incapable of ascertainment until judgment, followed in *Burnett* v. *Glas*, 154 Cal. 249, 260 [97 P. 423]; *Erickson* v. *Stockton etc. R. R. Co.*, 148 Cal. 206 [82 P. 961], allowed on open account from time balance ascertained; *Olcovich* v. *Grand Trunk Ry. Co.*, 179 Cal. 332 [176 P. 459], allowance computed on depreciation of market value necessitating proof of two market values held proper, relied on in *Brandenstein* v. *Jackling*, 99 Cal.App. 438 [278 P. 880], upholding allowance because damages could be fixed by marked value or difference between two market values; *Gray* v. *Bekins*, 186 Cal. 389, 399 [199 P. 767], amount admitted by answer, interest allowed from filing of answer; *California etc. Assn.* v. *Rindge L. & N. Co.*, 199 Cal. 168, 184 [248 P. 658, 47 A.L.R. 904], upheld on amount computed under valid liquidated damage clause; *Engelberg* v. *Sebastiani*, 207 Cal. 727, 729 [279 P. 795], upheld on the difference between contract price and the amount realized from sale on market of rejected grapes; *Farnham* v. *California etc. Trust Co.*, 8 Cal.App. 266, 273 [96 P. 788], mechanics liens, allowed on claims certain by computation or by reference to market rates; *Ellsworth* v. *Knowles*, 8 Cal.App. 630 [97 P. 690], disallowed on appeal; *Coghlan* v. *Quartararo*, 15 Cal.App. 662, 669 [115 P. 664], disallowed on appeal because changing market rates rendered damages uncertain until adjudicated; *Fairchild* v. *Bay Point etc. Ry. Co.*, 22 Cal.App. 328 [134 P. 338], allowance upheld only on items readily ascertainable by calculation; *Brazil* v. *Azevedo*, 32 Cal.App. 364 [162 P. 1049], allowance affirmed on amounts for goods sold "at certain prices or at current market value"; *Scott, Magner & Miller* v. *Mozzetti*, 62 Cal. App. 508 [216 P. 979], *quantum valebat*, allowance was error

where reasonable value not ascertainable until judgment; *Continental Rubber Works* v. *Bernson,* 91 Cal.App. 636 [267 P. 553, *quantum valebat,* not allowable unless well-established market values shown, judgment modified; *Sulmock Furniture Mfg. Co.* v. *Spitz,* 120 Cal.App. 170 [7 P.2d 354], upheld disallowance in absence of established or reasonably well-known market value; *Bare* v. *Richman & Samuels, Inc., supra,* 60 Cal.App.2d at 420, interest upheld on amount based on well-established market value definitely determined from the evidence.

The rule is stated in the Restatement of the Law of Contracts, section 337(a) as follows: ''Where the defendant commits a breach of contract to pay a definite sum of money, or to render a performance the value of which in money is stated in the contract or is ascertainable by mathematical calculation from a standard fixed in the contract or from established market prices of the subject matter, interest is allowed on the amount of the debt or money value from the time performance was due, after making all the deductions to which the defendant may be entitled.'' (See review of the many cases cited in Restatement of Contracts, California Annotations, p. 193, et seq.) In the text of 8 Ruling Case Law, page 533, section 86, it is said that there is authority to the effect that the distinction formerly existing between liquidated and unliquidated demands is practically obliterated, and that whenever a verdict liquidates a claim and fixes it as of a prior date, interest should be allowed from that date, citing *Sullivan* v. *McMillan,* 37 Fla. 134 [19 So. 340, 53 Am.St.Rep. 239 and note]. However, further reading in the cited section of Ruling Case Law discloses, with citation of many cases, that the general rule is almost uniformly adhered to, namely, that interest is not allowable where the damages depend upon no fixed standard and cannot be made certain except by accord, verdict or decree; but that interest will be allowed where the damages are capable of ascertainment by calculation, or where they may be determined by reference to well-established market values. (See, also, 15 Am.Jur. § 166, p. 583, citing additional notes and cases.) A reading of the opinion in the cited Florida case indicates that in fact the court followed the general rule in determining the seller's right to interest on the damages due because of the buyer's failure to take logs under contract. The court said that the evidence was so exact and definite as to the amount of the damages that they could

readily be ascertained by simple calculation. Similarly in *Gray* v. *Central R. R. Co. of New Jersey,* 157 N.Y. 483 [52 N.E. 555], the general rule was repeated and it was held that interest may be recovered when the amount of an otherwise unliquidated demand may be ascertained by computation together with a reference to well-established market value which appeared in that case.

As late as 1933 in *Hansen* v. *Covell,* 218 Cal. 622, 630 [24 P.2d 772, 89 A.L.R. 670], *Cox* v. *McLaughlin, supra* (76 Cal. 60) was recognized as the leading case determining when interest may be allowed under section 3287. In such recognition this court noted the reservation of the Cox case of possible exceptions to and modifications of the rule, and held that interest due on the balance of an amount ascertainable pursuant to the rule could not be defeated by setting up unliquidated claims as off-sets. A similar exception was noted in *Courteney* v. *Standard Box Co.,* 16 Cal.App. 600, 613, et seq. [117 P. 778] (followed in *McCowen* v. *Pew,* 18 Cal.App. 482, 484 [123 P. 354]), where the offset of unliquidated amounts was held not to defeat the right to interest on the balance of an amount otherwise ascertainable under the rule.

A review of the provisions of section 3287 and of the many decisions stating the applicable rule discloses no exception which would permit the recovery of interest in this case. The rule appears to be uniform, whether the case involved contract price or reasonable value, that interest is not allowable when damages cannot be computed except on conflicting evidence, such as in the present case, because of the absence of established or reasonably ascertainable market prices or values. In such cases, since the amount of the damages cannot be resolved except by accord, verdict or judgment, interest prior to judgment is not allowable.

It is obvious from the decisions on the prior appeals and from the record herein that the parties were aware that there were no established market prices for these brands of flour, and for that reason they inserted a provisions for liquidated damages in their contract. That provision, however, was held invalid on the first appeal (18 Cal.2d 382, 386), where this court said that it was not impracticable nor extremely difficult to fix the actual damage within the meaning of section 1671 of the Civil Code, notwithstanding the fact that such damage was dependent upon the price of articles as to which no regular market existed. That there was an

established market for flour generally cannot be gainsaid. But on the record in this case there was no regular market value for the particular brands of flour from which established or ascertainable prices could be found. The amount of the loss was therefore governed by the measure of damages provided by section 1784 (3), Civil Code (*Rice* v. *Schmid, supra*), namely, the difference between the contract prices and the current prices for these brands at the date of the breach, December 2, 1938. Neither party produced evidence of established or reasonably ascertainable market values as contemplated by the general rule. The evidence introduced by the plaintiff indicated that in fact no such values or prices were readily or reasonably ascertainable. As stated the evidence is that the prices of the brands of flour involved depended on contracts that were fluctuating and varied from day to day, even on the same day, for the same brand of flour, and in the same area. The trial court's computation of the damages was therefore not based on an established market price, but on a value which it was compelled to select from conflicting evidence relating to the factors of cost, carrying charges and profit.

Thus the plaintiff has not shown facts which permit the allowance of interest pursuant to section 3287 of the Civil Code, and on the record made by the parties the conclusion must follow that the court erroneously allowed interest from December 2, 1938, or from any date prior to judgment.

The judgment is modified by striking therefrom the allowance of interest and as so modified it is affirmed.

Gibson, C. J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.