**J. Howard ARNOLD, Appellant,**

v.

**Robert L. BOSTICK, Appellee.**

**No. 19408.**

United States Court of Appeals Ninth Circuit.

Dec. 22, 1964.

Rehearing Denied Feb. 4, 1965.

J. Howard Arnold, Berkeley, Cal., in pro. per.

J. F. Coakley, Dist. Atty., Richard J. Moore, Asst. Dist. Atty., Thomas J. Fennone, Deputy Dist. Atty., Alameda County, State of Cal., Oakland, Cal., for appellee.

Before HAMLIN, JERTBERG and BROWNING, Circuit Judges.

HAMLIN, Circuit Judge.

J. Howard Arnold, appellant herein, filed an action in propria persona in the United States District Court for the Northern District of California, Southern Division, seeking damages against Robert L. Bostick, appellee herein, for alleged violation of his civil rights under 42 U.S.C. §§ 1981–83 and §§ 1985–86, inclusive. The complaint and amendment thereto contained inter alia the following allegations: That Robert L. Bostick was at all times mentioned therein a duly elected, qualified and acting judge of the Superior Court of the State of California in and for the County of Alameda; that as such judge appellee made an order excluding appellant from the family dwelling until further order of the court; that thereafter appellee issued an order to show cause in re contempt directed to

appellant for violation of such order, and following a contempt hearing found appellant to be in contempt of court; that appellee imposed on appellant a sentence of five days in the Alameda County jail and a fine of $100 or twenty additional days in jail; that in accordance with said sentence appellant was imprisoned in the Alameda County jail for twenty-five days; and that up to the time of the filing of the complaint appellant had not regained possession of his family home.

Appellee filed a motion in the United States District Court "to dismiss the action because the complaint fails to state a claim against the defendant upon which relief can be granted."

■ Both appellant and appellee filed in the district court memoranda of points and authorities and attached to appellant's memorandum was an excerpt from the decision of the District Court of Appeal of the State of California, First Appellate District, Division Two, in the case of Frances Kelly Arnold vs. J. Howard Arnold, which decision was filed February 14, 1964. From the documents on file it appears that the contempt order complained of by appellant was made in a divorce action filed by Frances Kelly Arnold against appellant in the Superior Court. It further appears that in said action the family home of Mr. and Mrs. Arnold was found to be community property and was awarded to Mrs. Arnold, together with an interlocutory decree of divorce against appellant. A contention of appellant in the divorce action and in this case was that the Superior Court lacked jurisdiction to make an award of the community property to appellant's wife. On appeal to the District Court of Appeal, the judgment of the Superior Court awarding an interlocutory decree of divorce to appellant's wife and awarding to her the real property of the parties was affirmed. Concerning appellant's claim of lack of jurisdiction the District Court of Appeal stated:

"Appellant's final contention on appeal from the interlocutory decree of divorce is that the court lacked jurisdiction *in rem* to make an award of the community property by reason of appellant's having commenced a proceeding in federal court to obtain a creditors' arrangement subsequent to the commencement of the divorce proceeding but prior to entry of the interlocutory decree. This argument is untenable. Appellant concedes that his petition for a creditors' arrangement was not filed in the federal district court until June 19, 1962, some six months after the filing of the divorce action. Pursuant to 11 U.S.C.A., section 714, a court having jurisdiction of such a petition may enjoin or stay proceedings pending in other courts. Appellant did not apply for any such stay and, to the contrary, wilfully concealed from the federal court the fact that divorce proceedings were pending against him. Under such circumstances, the mere filing of the petition for a creditors' arrangement was not in itself sufficient to divest the trial court of jurisdiction. In Brazil v. Azevedo (1916) 32 Cal.App. 364, 366, [162 P. 1049], the court held that the mere pendency of proceedings in bankruptcy did not deprive the superior court of jurisdiction. (To the same effect, see Smith v. Phlegar (1951)) [73 Ariz. 11] 236 P.2d 749, 753–754.)"

We agree.

As stated in Barr v. Matteo, 360 U.S. 564 at 569, 79 S.Ct. 1335 at 1338, 3 L. Ed.2d 1434,

"This Court early held that judges of courts of superior or general authority are absolutely privileged as respects civil suits to recover for actions taken by them in the exercise of their judicial functions, irrespective of the motives with which those acts are alleged to have been performed, Bradley v. Fisher, 13 Wall 335 [20 L.Ed. 646] * * *."

■ We hold that the above doctrine of judicial immunity effectively precludes any recovery by appellant in his action

for damages filed in the district court and that the order of the district court dismissing the action was proper.

Judgment affirmed.