**J. Howard ARNOLD, Plaintiff,**

v.

**William J. McGUINESS, Defendant.**

**No. 46075.**

United States District Court
N. D. California.

Feb. 2, 1968.

## MEMORANDUM AND ORDER

OLIVER J. CARTER, District Judge.

Defendant Judge William J. McGuiness has moved this Court for dismissal of this action involving an alleged violation of plaintiff Arnold's civil rights. Many of the issues in this law suit have been raised in the earlier action of Arnold v. McGuiness, Civil No. 43915, which was dismissed by Judge George B. Harris on October 11, 1965. The United States Court of Appeals for the Ninth Circuit affirmed the dismissal without opinion on August 12, 1966, No. 20617, and denied rehearing on September 21, 1966. As to those issues, therefore, the doctrine of res judicata applies.

The only new ground which plaintiff raises at this time is the claim that the defendant acted wholly without jurisdiction on the following two occasions: first, on October 8, 1965, the defendant ordered the plaintiff to appear and show why he should not be held in contempt; and secondly, on November 24, 1965, the defendant issued a bench warrant for the arrest of the plaintiff upon the latter's failure to appear at the scheduled hearing.

Plaintiff maintains that these orders of the defendant were void because the existence of the above cited case of Arnold v. McGuiness in this Court had the effect of disqualifying the defendant from acting as a judge in any proceeding involving the plaintiff. He cites Section 170 of the California Code of Civil Procedure as authority for this proposition.

An examination of that section reveals that there is no provision for the *per se*

disqualification of the defendant for the reasons given by the plaintiff. At the most, the fact that Judge McGuiness was a defendant in a law suit brought by Mr. Arnold would only be a ground for claiming that the Judge was disqualified for bias or prejudice under Section 170(5). However, in the absence of the Judge acting on his own motion, the Code requires that "the party alleging the bias or prejudice of the judge shall present to the court and file with the clerk a written statement objecting to the hearing of such matter before such judge and shall set forth the facts constituting the grounds for disqualification of such judge." (Sec. 170(5)) No such action was taken by Mr. Arnold in that case.

Furthermore, the Code provides that this motion for disqualification be made at the earliest practicable opportunity. Mr. Arnold had approximately six weeks during which time he could have moved for the disqualification of Judge McGuiness. The only action Arnold took during that time was that on the day before the scheduled hearing he filed a motion to quash which, he alleges, had the effect of depriving the court of jurisdiction and of cancelling the hearing. Any claim made by the plaintiff that the motion to quash was an effective substitute for a motion for disqualification must be weighed in light of the fact that the plaintiff knew that this Court had dismissed an action a month earlier in which the effectiveness of the motion to quash procedure had been in issue.

However, the real point here is that for whatever reasons Mr. Arnold now gives for the disqualification of Judge McGuiness in that prior action, he has failed to press this claim at its proper time and in the proper manner. For this reason it is now too late for him to allege that the defendant was disqualified under CCP Section 170. His failure to urge at the earliest practicable opportunity the grounds for disqualification constitutes a waiver. Muller v. Muller, 235 Cal.App.2d 341, 45 Cal.Rptr. 182 (1965).

There is no support whatsoever for plaintiff's contention that the fact that the defendant *could have been disqualified* deprives his court of jurisdiction to act in matters which are admittedly within the scope of his general jurisdiction. See Sires v. Cole, 320 F.2d 877, 879 (9th Cir. 1963); Agnew v. Moody, 330 F.2d 868, 870 (9th Cir. 1964).

In light of the fact that Mr. Arnold has filed other civil rights complaints against judges (see Arnold v. Bostick, 339 F.2d 879 (9th Cir. 1964), and Arnold v. McGuiness, supra) it is difficult to avoid the conclusion that he is a litigious plaintiff bent on a course of harassing the judiciary. However, each complaint must be weighed individually on its merits, and it is for the reason that this action is totally wanting in merit that defendant's motion for dismissal should be granted.

It is ordered that plaintiff's action be, and the same is hereby dismissed.