[Civ. No. 15411. First Dist., Div. One. Mar. 6, 1953.]

GEORGE H. CHARLTON, Respondent, v. PAN AMERICAN WORLD AIRWAYS, INC., Appellant.

Athearn, Chandler & Hoffman, F. G. Athearn and Leigh Athearn for Appellant.

Bullock, Wagstaffe & Daba and Carlos R. Hulse for Respondent.

WOOD (Fred B.), J.—The defendant has appealed from a money judgment covering an unpaid expense allowance of the plaintiff while on a temporary foreign assignment in defendant's employ.

In support of its appeal defendant claims (1) that the trial court should have granted its motion to dismiss the action for the failure of the plaintiff's counsel to submit proposed findings of fact and conclusions of law within 10 days after announcement of decision, as required by rule 19 of the Rules for Superior Courts, and (2) that interest should run only

from the entry of judgment, not from June 1, 1948, as provided in the judgment.

(1) *In respect to noncompliance with rule 19,* it appears that a minute entry was made June 28, 1950, ordering that judgment be granted in favor of the plaintiff for $1,158.55 plus interest from June 1, 1948, at 7 per cent per annum. January 15, 1952, plaintiff's counsel served proposed findings of fact and conclusions of law upon the defendant. January 17, 1952, defendant filed notice of motion to strike the proposed findings and conclusions, and to dismiss the action, motions which were heard and denied January 28, 1952. Meanwhile, on January 23d, the court signed and filed the findings of fact and conclusions of law. Written judgment, signed by the judge and dated January 28th, was filed January 31, 1952.

Defendant's theory is that rule 19 imposed a duty upon the "prevailing party" to prepare and submit the documents within the time limited, a duty which cannot later be performed unless the time be extended pursuant to section 1054 or leave be granted pursuant to section 473 of the Code of Civil Procedure.

Under that theory, defendant insists, its motion to dismiss should have been granted and thereupon it would have been proper for plaintiff to apply, under section 473, for relief from his default and for permission to submit proposed findings of fact and conclusions of law.

No such consequence is expressed in rule 19. It simply declares that when written findings of fact and conclusions of law are required "counsel for the prevailing party shall, within ten (10) days after announcement of decision, unless otherwise ordered, prepare, serve and submit to the court proposed written findings of fact and conclusions of law together with the proposed judgment or decree." █ There is not therein expressed, nor can we read into it, an intent to penalize the prevailing party for his delay, nor to suspend or terminate the court's jurisdiction over the cause, nor the court's duty to render its decision and decree by making and filing written findings of fact, conclusions of law, and judgment. Significantly, too, the rule says "unless otherwise ordered." Here, in effect, the trial court did "otherwise order" by signing and filing the findings and denying the motion to dismiss.

█ Obviously, rule 19 was designed to implement section 634 of the Code of Civil Procedure, which declares that proposed findings "shall" be served upon all parties, that the

court "shall not" sign any findings prior to the expiration of five days after such service, and that the court "may direct a party to prepare findings." Rule 19 declares that counsel for the "prevailing party shall," within 10 days after announcement of the decision, "unless otherwise ordered," prepare and submit the findings. ■ We do not infer that the Judicial Council intended rule 19 to have greater mandatory or prohibitory effect than the statute which it implements. The provisions of section 634 of the code are directory, not mandatory. (*Chamberlain* v. *Wakefield,* 95 Cal.App.2d 280, 292 [213 P.2d 62], and cases cited.) ■ Similarly, the declaration, in section 632 of the same code, that the decision "must be . . . filed . . . within thirty days after the cause is submitted for decision" is but directory. (*Van Der Most* v. *Workman,* 107 Cal.App.2d 274, 279 [236 P.2d 842], and cases cited.)

■ In lieu of prescribing penalties for failure to comply with its directions as to time, rule 19 leaves the enforcement of its provisions to the trial court, which has inherent power, in the exercise of a sound discretion, to deal appropriately with each violation as may be meet and proper under the circumstances in each particular case.

Defendant speaks of the great hardship the losing party will suffer if the view we have indicated should prevail. It contends that the losing party must then stand by until the prevailing party acts, unable to appeal or to move for a new trial until judgment has been rendered. The losing party is in no such helpless position. He may at any time bring the matter to the attention of the trial court for dismissal or other appropriate action. He might, for example, prepare, serve, and submit his own version of findings of fact and conclusions of law that would express and implement the announced decision of the court.

■ Defendant further suggests that the mere lapse of time, 18 months, demonstrates a discontinuance and abandonment of the action by the plaintiff. The trial court by denying the motion to dismiss decided otherwise. We cannot say, as a matter of law, that the mere lapse of time, under the circumstances described, operated as a discontinuance and abandonment of the action.

The situation here presented is not unlike that which obtained in *Hand* v. *Cleese,* 202 Cal. 36 [258 P. 1090], decided prior to the adoption of rule 19. There the trial court announced its decision in December and directed the plaintiff

to prepare findings. The following September, the defendant moved to dismiss for want of prosecution. The trial court continued the motion until October 16th. Meanwhile, findings were submitted and signed. Said the reviewing court: "It appeared, therefore, that at the time to which the motion was continued, the findings had been signed and filed, and no reason for the granting of the motion existed. No prejudice resulted to defendant, therefore, by the failure to hear and pass upon such motion." (P. 46.)

(2) *Was it error to allow interest prior to judgment?*

■ The court found that plaintiff was employed at a certain salary, plus foreign station allowance, "plus all traveling and living expenses," from July 30, 1947, to May 12, 1948; that he was paid his living expenses under the contract with defendant from July 30, 1947, until January 15, 1948, and thereafter only $300 per month as part payment on living expenses until May 12, 1948; and that his living expenses from January 15 to May 12, 1948, exceeded the $300 per month in the amount of $1,158.55, which amount was due and owing him as of June 1, 1948.

The evidence shows that plaintiff submitted to defendant his expense reports, with vouchers supporting each item, for the period in question. This he did every few weeks, the last of them in May, 1948. He made errors in two of the reports; i.e., he twice reported the cost of meals from January 18th to 20th and from April 5th to 9th. Correction in respect to this duplication of charges reduced plaintiff's claim from $1,206.35 to $1,158.55, the amount which the court found due.

Defendant claims that the action is similar to an action upon an open account for an unliquidated sum. Plaintiff claims it is an action for breach of a contract for reimbursement of fixed sums expended.

It appears that the amount due was capable of calculation by the defendant at the end of the period of employment and that demand for payment was made at that time. All items of expense were listed and supported by vouchers, apparently no different in kind or form from the expense accounts plaintiff submitted for the period ending January 15, 1948, which defendant audited and paid. The fact that certain items were duplicated was obvious. Subtraction of the amount of the duplication from the amount of the demand could readily be made, to fix the amount due. That could as readily be done upon receipt of the expense account as it was done at the

trial. Incidentally, those accounts, as to the excess over $300 per month, after January 15, 1948, were not rejected by defendant because of any difficulty in ascertaining their accuracy or in calculating the amount due, but because of its decision (contrary to its contract with him) to take plaintiff off the expense account basis and put him on its "living cost differential" basis, a flat rate of $300 per month.

It is apparent, therefore, that the living expense accounts in question met the requirements of section 3287 of the Civil Code. It declares that every "person who is entitled to recover *damages* certain, or *capable of being made certain by calculation,* and the right to recover which is vested in him on a particular day is entitled also to recover interest thereon from that day . . ." (Emphasis added.)

"The rule is stated in the Restatement of the Law of Contracts, section 337(a) as follows: 'Where the defendant commits a breach of contract to pay a definite sum of money, or to render a performance the value of which in money is stated in the contract or is ascertainable by mathematical calculation from a standard fixed in the contract or from established market prices of the subject matter, interest is allowed on the amount of the debt or money value from the time performance was due, after making all the deductions to which the defendant may be entitled.' (See review of the many cases cited in Restatement of Contracts, California Annotations, p. 193, et seq.)" (*Lineman* v. *Schmid,* 32 Cal.2d 204, 211 [195 P.2d 408, 4 A.L.R.2d 1380]. See, also, *California Etc. Assn.* v. *Rindge L. & N. Co.,* 199 Cal. 168, 184 [248 P. 658, 47 A.L.R. 904]; *Bare* v. *Richman & Samuels, Inc.,* 60 Cal.App.2d 413, 419-420 [140 P.2d 895]; *Lacy Mfg. Co.* v. *Gold Crown Mining Co.,* 52 Cal.App.2d 568, 578-579 [126 P.2d 644]; *Meyer* v. *Buckley,* 22 Cal.App. 96, 98 [133 P. 510]; and *Farnham* v. *California Etc. Trust Co.,* 8 Cal.App. 266, 272-274 [96 P. 788].)

The judgment appealed from is affirmed.

Peters, P. J., and Bray, J., concurred.