[No. AO15552. First Dist., Div. One. Aug. 12, 1983.]

MARINE TERMINALS CORPORATION, Plaintiff and Appellant, v. PACECO, INC., Defendant and Respondent.

COUNSEL

Dorr, Cooper & Hays, James D. Boughey, Gary A. Angel and Sanford Kingsley for Plaintiff and Appellant.

William C. Degarmo for Defendant and Respondent.

OPINION

**WEINSTEIN, J.***—This is an action for breach of contract and negligence arising from defendant's faulty repair of plaintiff's crane. The jury awarded plaintiff damages of $40,258.91 but the trial court denied plaintiff's motion for prejudgment interest. This appeal by plaintiff raises the single issue whether prejudgment interest should have been awarded.

### FACTS

The facts are essentially undisputed and may be briefly summarized: In September 1976, plaintiff contracted with defendant for certain repair work on plaintiff's container crane located at the Port of Oakland. The repairs included reversing and reinstalling the *left* side gears on the crane.[1] In early November 1976, the crane was put back in operation, but it soon began to malfunction. In January 1977, the crane had to be shut down because the left gears were excessively worn.

---

*Assigned by the Chairperson of the Judicial Council.

[1]Defendant actually subcontracted with Rigging International to perform the repairs.

Plaintiff immediately notified defendant. Defendant sent a representative to inspect the crane. Plaintiff hired a consultant, Vincent E. Foell & Company, to inspect the crane at the cost of $352.

Plaintiff then hired an engineering firm, Failure Analysis Associates, to determine the cause of the gear failure. Failure Analysis charged plaintiff $3,450 for its services. Failure Analysis concluded the ball and pinion gear on the left side was substantially worn because of improper alignment. Plaintiff then hired Rigging International to make the necessary repairs. The ball gear on the left side was replaced with a new gear. Rigging charged plaintiff $38,918.71 for its services.

Plaintiff sent the various invoices to defendant demanding that defendant reimburse plaintiff for the expenses incurred by defendant's faulty repair work. Defendant refused to pay, and this lawsuit by plaintiff ensued. At trial, defendant maintained that the malfunctioning of the left gear was the fault of plaintiff's inadequate maintenance—i.e., inadequate lubrication of the gears.

At trial, the fact emerged that not all of the $38,918.71 charged by Rigging International was for work performed on the left gear. Actually five of the work orders totaling $2,461.80 were for inspections and work done on the right gear. Plaintiff then conceded that only $36,456.91 of the charges from Rigging International was recoverable.

The jury awarded plaintiff the full amount of its request: $352 plus $3,450 plus $36,456.91, for a total of $40,258.91.

## DISCUSSION

Civil Code section 3287, subdivision (a) establishes the right of a plaintiff to recover prejudgment interest whenever the amount of money due is liquidated—i.e., when the damages are "certain, or capable of being made certain by calculation . . . ."[2] ■ The question presented to this court

[2] "(a) Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt. This section is applicable to recovery of damages and interest from any such debtor, including the state or any county, city, city and county, municipal corporation, public district, public agency, or any political subdivision of the state." Subdivision (b) grants the trial court the discretion to award prejudgment interest even where the damages are not liquidated.

"(b) Every person who is entitled under any judgment to receive damages based upon a cause of action in contract where the claim was unliquidated, may also recover interest thereon from a date prior to the entry of judgment as the court may, in its discretion, fix, but in no event earlier than the date the action was filed."

is whether plaintiff's damages—the reasonable value of necessary repairs to the crane—fall within that statutory rule.

The statutory test, "capable of being made certain by calculation," is not an easy one to apply. One commentator has described the case law as "a patchwork of decisions which poorly define the applicable rules." (Comment, *Interest as Damages in California* (1958) 5 UCLA L.Rev. 262.) Nevertheless, certain principles can be gleaned from the cases.

■ First, section 3287, subdivision (a) allows recovery of prejudgment interest in causes of action other than contract. The crucial factor is not whether the claim arose in tort or contract but whether the damages were readily ascertainable. (*Levy-Zentner Co.* v. *Southern Pac. Transportation Co.* (1977) 74 Cal.App.3d 762, 794-798 [142 Cal.Rptr. 1] [negligent property damage].)

■ Interest is *not* allowable as a matter of right where the amount of damages is unliquidated and depends upon the jury's resolution of conflicting evidence. (E.g., *Lineman* v. *Schmid* (1948) 32 Cal.2d 204, 211-213 [195 P.2d 408, 4 A.L.R.2d 1380] [value of unsold flour]; *Perkins* v. *Blauth* (1912) 163 Cal. 782, 793 [127 P. 50] [injury to land caused by digging canal]; *Iverson* v. *Spang Industries, Inc.* (1975) 45 Cal.App.3d 303, 311 [119 Cal.Rptr. 399] [costs of repairing leased premises]; *Esgro Central, Inc.* v. *General Ins. Co.* (1971) 20 Cal.App.3d 1054, 1063 [98 Cal.Rptr. 153] [loss of business during riot]; *Macomber* v. *State of California* (1967) 250 Cal.App.2d 391, 401 [58 Cal.Rptr. 393] [reasonable value of contractor's extra work].)

■ The defendant's denial of *liability* in itself does not make the damages uncertain. (*Sukut-Coulson, Inc.* v. *Allied Canon Co.* (1978) 85 Cal.App.3d 648, 656 [149 Cal.Rptr. 711]; *Esgro Central, Inc.* v. *General Ins. Co., supra,* 20 Cal.App.3d at p. 1060.)

■ Damages will be deemed "capable of being made certain by calculation" if the amount due can be determined by reference to a fixed standard: e.g., a payment schedule (*Tripp* v. *Swoap* (1976) 17 Cal.3d 671, 683 [131 Cal.Rptr. 789, 552 P.2d 749] [welfare benefits]; *Leaf* v. *Phil Rauch, Inc.* (1975) 47 Cal.App.3d 371 [120 Cal.Rptr. 749] [payments on rescinded automobile sales contract]); a readily ascertainable market value (*Leff* v. *Gunter* (1983) 33 Cal.3d 508, 519 [189 Cal.Rptr. 377, 658 P.2d 740] [appraised value of building]; *Bare* v. *Richman & Samuels, Inc.* (1943) 60 Cal.App.2d 413, 419-420 [140 P.2d 895] [market value f.o.b. of grapes]; but see *Lineman* v. *Schmid, supra,* 32 Cal.2d 204, 213 [no readily ascertainable market value for unsold flour]); or data supplied by plaintiff to

defendant (*Anselmo* v. *Sebastiani* (1933) 219 Cal. 292, 301-303 [26 P.2d 1] [construction contractor's statement of costs in erecting building]; *Esgro Central, Inc.* v. *General Ins. Co., supra,* 20 Cal.App.3d at pp. 1061-1062 [insured's proof of loss resulting from fire]; *Maurice L. Bein, Inc.* v. *Housing Authority* (1958) 157 Cal.App.2d 670, 686 [321 P.2d 753] [building contractor's statements of costs and expenses resulting from owner's delay]; *Charlton* v. *Pan American World Airways* (1953) 116 Cal.App.2d 550, 554 [254 P.2d 128] [employee's vouchers for travel and living expenses]).

*Levy-Zentner Co.* v. *Southern Pac. Transportation Co., supra,* 74 Cal. App.3d 762, 800-801, is instructive. There, the plaintiff owned a building adjacent to Southern Pacific's warehouse. The plaintiff sued Southern Pacific for property damage sustained when the warehouse was destroyed by fire. Prior to trial, the plaintiff had submitted two expert estimates to Southern Pacific indicating the costs of repairing and replacing the destroyed portion of the plaintiff's building. Although Southern Pacific disputed its liability for the damages, Southern Pacific did not dispute the amount of plaintiff's damages. On appeal, the court concluded that the plaintiff had "rendered its undisputed damages certain" and accordingly was entitled to prejudgment interest from the date it supplied Southern Pacific with the estimates.

■■■ In the case at bar, plaintiff supplied defendant with invoices from the consultants and from Rigging International reflecting plaintiff's costs for replacing the left gear. Defendant disputed its *liability* for those charges, but not the amount of the charges. The amount of plaintiff's damages was not challenged by defendant. By submitting the invoices to defendant, plaintiff made its damages known to defendant and rendered them "certain."

It is true, however, that the invoice submitted from Rigging International actually included $2,461.80 of inapplicable charges. Based upon this error, defendant argues plaintiff's damages were not capable of being made certain by calculation. Defendant asserts that only when the data supplied is true and precisely correct are the damages capable of being ascertained.

Defendant's argument is not persuasive and is in conflict with prevailing authority.

In *General Insurance Co.* v. *Commerce Hyatt House* (1970) 5 Cal.App.3d 460 [85 Cal.Rptr. 317], the court dealt with issues very similar to those presented to us. In *General Insurance,* the defendants did not question the completeness or the accuracy of the plaintiff's cost breakdown for adjusted and extra construction work they performed. For their defense of the claim

for prejudgment interest, the defendants relied on the fact that there were variances in the amounts claimed by respondent for the extras in various documents filed with the court. Defendants pointed out that the total amount claimed for extra work and excess labor costs differed by several thousand dollars from what was alleged in respondent's complaint, in its answers to interrogatories, and its trial brief. The figure which the trial court found to be due and owing also varied slightly from each of the totals. In affirming the award of prejudgment interest and rejecting the defense, the Supreme Court concluded that the indebtedness was readily ascertainable and that: " 'The mere fact that there is a slight difference between the amount of damages claimed and the amount awarded does not preclude an award of prejudgment interest [citation], and the erroneous omission of a few matters from the account or erroneous calculation of the costs do not mean that the damages are not capable of being made certain by calculation.' [Citations.]" (5 Cal.App.3d at p. 475.)

In *Charlton* v. *Pan American World Airways, supra,* 116 Cal.App.2d at pages 554-555, the employee had submitted an expense report supported by vouchers. On appeal, the court held the employee's damages for unpaid travel and living expenses were capable of being made certain despite the fact that there were duplications in the materials supplied by the employee. The court reasoned that subtraction of the duplications could have been done as easily upon receipt of the expense account as at trial.

Similarly, in *Esgro Central, Inc.* v. *General Ins. Co., supra,* 20 Cal. App.3d 1054, the insured had submitted a proof of loss statement for damages incurred in a fire. The court held the insured's damages were ascertainable even though the amount awarded by the jury exceeded the amount shown in the proof of loss statement. This variation, the court concluded, did not "detract from the proposition that the damages . . . [were] fixed or determinable." (20 Cal.App.3d at p. 1062.)

Likewise, in *Coleman Engineering Co.* v. *North American Aviation, Inc.* (1966) 65 Cal.2d 396, 408-409 [55 Cal.Rptr. 1, 420 P.2d 713], the court upheld an award of prejudgment interest even though the plaintiff's original demand was found to be $7,000 too high. The excess resulted from a minor error in the pricing formula, deductions for salvage value of some materials and additions of items inadvertently omitted. The court reasoned that "[T]he erroneous omission of a few matters from the account or erroneous calculation of the costs do not mean that the damages are not capable of being made certain by calculation."

The errors in the work orders submitted as the claim against Paceco in this case were minor and could have been easily corrected at the time the

demand for payment was made. Defendant Paceco disputed its liability but at no time prior to trial disputed the amount or method of calculating plaintiff's damages. Those damages were readily ascertainable and capable of being made certain from the data furnished to defendant in 1977. Plaintiff is entitled to prejudgment interest.

The order of the trial court denying prejudgment interest is reversed and the cause is remanded. The trial court is directed to vacate the judgment filed April 15, 1981, and enter a new judgment nunc pro tunc as of that date awarding appellant damages of $50,826.87 consisting of $40,258.91 principal and $10,567.96 prejudgment interest. Appellant is entitled to his costs on appeal.

Newsom, Acting P. J., and Holmdahl, J., concurred.