**In re D.W.G.K. RESTAURANTS, INC., a California corporation, d/b/a Jimmy's Family Restaurant, et al., Debtor.**

**Bankruptcy No. 85–06182–H11.**

United States Bankruptcy Court, S.D. California.

Dec. 13, 1988.

Colin W. Wied, William A. Smelko, Wied & Smelko, San Diego, Cal., for debtor.

Timothy M. Barry, Law Offices of Jack F. Studebaker, San Diego, Cal., for North County Bank.

## MEMORANDUM DECISION

JOHN J. HARGROVE, Bankruptcy Judge.

At issue is whether oversecured creditor North County Bank ("Bank") is entitled to contractual interest on its attorneys' fees and costs previously allowed by this court under 11 U.S.C. § 506(b).

This court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334 and § 157 and General Order No. 312–D of the United States District Court, Southern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

This court concludes that Bank is entitled to the contractual interest on its attorneys' fees but only from the date of the entry of the order awarding attorneys' fees and costs.

## DISCUSSION

On October 5, 1988, this court allowed Bank the sum of $15,840 in attorneys' fees and $4,600 in costs under 11 U.S.C. § 506(b). Pursuant to its loan agreements, Bank claims interest on its attorneys' fees and costs at the rate of thirteen percent per annum.

The court's order came after hearings on June 7, July 25 and July 27 and August 4, 1988.

Bank initially sought total fees and costs of $64,881.96.

The Bankruptcy Code provides no guidance regarding the issue of interest on an oversecured creditor's claim for attorneys' fees under 11 U.S.C. § 506(b). Accordingly, we turn to state law.

It is well established that where a contract provides for attorneys' fees without specifying a particular sum, the amount to be awarded is in the discretion of the court. *Iverson v. Spang Industries, Inc.,* 45 Cal. App.3d 303, 312, 119 Cal.Rptr. 399 (1975).

■ In California, pre-judgment interest may be awarded as a matter of right when damages are certain. California Civil Code § 3287(a). In this case, the Bank's claim for attorney fees of approximately $65,000 was unliquidated, and was actively disputed by the debtor. Clearly, the Bank's attorney fees incurred in attempting to collect on its secured claim were not certain or capable of being made certain by a simple calculation. Therefore, the Bank is denied recovery of pre-judgment interest as a matter of right. *Polster, Inc. v. Swing,* 164 Cal.App.3d 427, 210 Cal.Rptr. 567 (1985).

In *Polster,* the court discussed the applicability of Civil Code § 3287:

"This section does not authorize prejudgment interest as a matter of law where the amount of damages depends upon a judicial determination based upon conflicting evidence. (*Marine Terminals Corp. v. Paceco, Inc.* (1983) 145 Cal. App.3d 991, 995 [193 Cal.Rptr. 687]; *Esgro Central, Inc. v. General Ins. Co.* (1971) 20 Cal.App.3d 1054, 1062 [98 Cal. Rptr. 153]).

Prejudgment interest runs from the date when damages are certain or are capable of being calculated to a certainty. (*Levy–Zentner Co. v. Southern Pac. Transportation Co.* (1977) 74 Cal.App.3d 762, 798 [142 Cal.Rptr. 1]).

"[T]he certainty requirement of section 3287, subdivision (a) has been reduced to two tests: (1) whether the debtor knows the amount owed or (2) whether the debtor would be able to compute the damages." (*Chesapeake Industries, Inc. v. Togova Enterprises, Inc.* (1983) 149 Cal. App.3d 901, 911 [197 Cal.Rptr. 348]).

*Polster* at 434, 435, 210 Cal.Rptr. 567.

■ Under California Civil Code § 3287(b) the court has discretion to award interest as of the date before the entry judgment but no earlier than the date the claim for attorney fees was filed. In this case, this court reduced the Bank's claim for attorneys' fees and costs substantially. Pertinent case law holds that where there is a large discrepancy between the amount of damages demanded in the complaint and the size of the eventual award, that fact militates against a finding of the certainty

**694**

mandated by Civil Code Section 3287(a). *Chesapeake Industries, Inc. v. Togova Enterprises, Inc.*, 149 Cal.App.3d 901, 910, 197 Cal.Rptr. 348 (1983). This court is also mindful of the fact that the estate had to also incur substantial attorney fees in opposing the Bank's claim for attorney fees. Accordingly, this court declines to allow the Bank interest on its unliquidated claim of attorney fees prior to the entry of this court's order on October 12, 1988, allowing the Bank $15,840 in fees and $4,600 in costs.

### CONCLUSION

Bank's court ordered attorney fees in the amount of $15,840 and costs in the amount of $4,600 are to be added to Bank's principal and paid off pursuant to the terms of the plan. *In re Southeast Company*, 81 B.R. 587 (9th Cir.BAP 1987).

This Memorandum Decision constitutes findings of fact and conclusions of law pursuant to Bankr.R. 7052. Counsel for the debtor is directed to file with this court an Order in conformance with this Memorandum Decision within ten (10) days from the date of entry hereof.