Filed 11/18/15  Blumberg Law Corp. v. Diner CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

<table>
<tr><td>BLUMBERG LAW CORPORATION,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ALAN DINER,<br><br>    Defendant and Appellant.</td><td>B259958<br><br>(Los Angeles County<br>Super. Ct. No. NC058424)</td></tr>
</table>

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael P. Vincencia, Judge.  Affirmed.

Alan Diner, in pro per., for Defendant and Appellant.

Ave Buchwald and John P. Blumberg for Plaintiff and Respondent.

_____

**INTRODUCTION**

Appellant Alan Diner retained respondent Blumberg Law Corporation to represent him after he was terminated by his former employer. After the employment matter was settled following mediation, the parties had a dispute over the attorney fees and costs. Respondent filed a complaint seeking its fees and costs, and appellant filed a cross-complaint alleging that respondent had breached the retainer agreement by failing to agree to arbitrate the fee dispute. Following a bench trial, the trial court found in favor of respondent and against appellant on both the complaint and the cross-complaint. Appellant appeals, contending the trial court committed numerous errors. Finding no reversible error, we affirm.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On December 11, 2012, respondent filed a verified complaint for breach of contract and declaratory relief against appellant. The complaint sought a declaration that respondent was entitled to approximately $50,000 in attorney fees and costs pursuant to the contingency fee provision in the retainer agreement, and damages in that amount.

In response, appellant filed a petition to compel arbitration of the action, arguing that the retainer agreement contained an arbitration clause. Respondent opposed the petition, contending there was no enforceable arbitration agreement, as appellant had not agreed to arbitration when he failed to initial the arbitration clause.[1] On April 24, 2013, the trial court denied appellant's petition to compel arbitration.

---

[1]    The second paragraph of the arbitration clause provides: "'By initialing below, client confirms that he/she has read and understands this provision, and voluntarily agrees to binding arbitration. In doing so, client voluntarily gives up

On July 18, 2013, appellant filed a verified cross-complaint for violation of the Consumer Legal Remedies Act (CLRA), Civil Code section 1750 et seq., and for breach of contract. The cross-complaint alleged that respondent had violated the CLRA and breached the retainer agreement when it refused to arbitrate the fee dispute. Respondent answered the cross-complaint, arguing (1) that appellant was precluded from filing the cross-complaint, as the court had previously denied appellant's motion to compel arbitration, and (2) that appellant had never agreed to arbitration.

On July 14, 2014, appellant filed motions in limine to exclude (1) evidence of, or reference to, the settlement in the underlying mediation, including the amount of the settlement, and (2) parol evidence regarding the retainer agreement, including evidence about the meaning of "'the amount initially offered by [Employer] as severance.'" Respondent opposed the motions in limine, and on August 8, 2014, the trial court denied appellant's motions.

The parties filed their trial briefs in August 2014. In his brief, appellant acknowledged that he had waived his right to a jury trial as a result of his "inadvertent untimely payment" of jury fees. Appellant requested that the trial court exercise its discretion to grant him relief from his waiver, arguing that he mistakenly relied on a version of Code of Civil Procedure section 631 that had been amended in 2012.[2]

---

important constitutional rights to trial by judge or jury, as well as rights to appeal. Client is advised of the right to have independent counsel review this arbitration provision, and this entire agreement, prior to initialing this provision or signing this Agreement. ___ (Client's Initials)'"

[2] All further statutory citations are to the Code of Civil Procedure, unless otherwise stated.

As to respondent's complaint, appellant argued that the retainer agreement was voidable pursuant to Business and Professions Code section 6147 due to respondent's purported failure to provide a signed copy of the agreement. To the extent the agreement was not voidable, appellant acknowledged that the agreement's contingency fee provision provided that the fee shall be "'one-third of the gross recovery minus the amount initially offered by [Employer] as severance.'" He asserted that the contingency fee provision was unambiguous, and thus, parol evidence should not be considered in interpreting it. He further contended that the mediation confidentiality provisions in the Evidence Code precluded the court from considering the underlying mediation, including the settlement amount, to interpret the fee provision. Finally, to the extent the contingency fee provision was not ambiguous, appellant argued that any ambiguity should be construed against respondent, who had drafted the retainer agreement.

Appellant's trial brief also provided his interpretation of the contingency fee provision. According to appellant, his former employer had made two offers of severance, one for "'two years of salary'" -- $268,000 -- and a later offer for "'$28,359.73.'" Based on the chronological date of the offers, appellant contended the amount of "severance" initially offered was "'two years of salary.'" Appellant further argued that the phrase "'one-third of the gross recovery minus the amount initially offered by [Employer] as severance'" meant that the fee should be calculated by taking one-third of the gross recovery and subtracting from that amount the "'two years of salary'" in severance.

Finally, as to his cross-complaint, appellant reiterated that the retainer agreement had an arbitration clause that applied to fee disputes. He asserted he was entitled to damages due to respondent's refusal to arbitrate.

4

In its trial brief, respondent argued the trial court should not exercise its discretion to grant appellant relief from his waiver of a jury trial due to the unexplained and lengthy delay in seeking relief. As to appellant's cross-complaint, respondent contended it failed to assert viable causes of action, as appellant had not agreed to arbitrate, and he was precluded from filing the cross-complaint due to his failure to appeal the court's order denying his motion to compel arbitration.

As to its own complaint, respondent contended the contingency fee provision was ambiguous, as the amount of severance could be ascertained only from extrinsic evidence. Respondent asserted that extrinsic evidence -- principally e-mail correspondence between the parties -- would show (1) that appellant initially informed respondent that the "severance" amount was approximately $28,360; (2) that the offer of "'two years in salary'" was not a severance offer, was withdrawn by the employer, and was not disclosed by appellant until a month after the retainer agreement had been signed; and (3) that appellant understood "'gross recovery would be defined as the amount in excess of $28,360.'" Respondent contended that a redacted copy of the settlement agreement -- showing the $175,000 settlement amount -- was admissible notwithstanding mediation confidentiality because the agreement expressly provided that it was admissible.

On August 18, 2014, the first day of trial, appellant requested a jury trial.[3] He reiterated the argument made in his trial brief that his failure to make timely payment of the jury fees was attributable to an amendment to section 631 in late 2012. The court declined to exercise its discretion to allow a jury trial, noting, inter alia, that section 631 had been amended prior to the filing of the complaint,

---

[3] As the court proceedings were not recorded, the following facts are drawn from the stipulated settled statement in lieu of a reporter's transcript (Cal. Rules of Court, rule 8.137) and the court's written statement of decision.

and that appellant had failed to explain the lengthy delay in depositing the jury fees.

The case was tried to the court. Both appellant and attorney John Blumberg testified. The court found appellant "intelligent" and "sophisticated," but found his testimony "not credible" on key issues in dispute. As to respondent's claims, the trial court determined that respondent was entitled to attorney fees and costs for the legal services it had provided appellant. The court rejected appellant's argument that respondent had violated Business and Professions Code section 6147, determining that the provision, via e-mail, of a copy of the retainer agreement, signed by appellant and Blumberg, constituted compliance with the statute.

The court ruled that it could consider parol evidence in determining the amount of attorney fees. Based on parol evidence and its evaluation of witness credibility, the court found that the parties intended the "'amount initially offered by [Employer] as severance'" to be $28,359.73. It specifically found that the offer of two years of salary was not disclosed to respondent until after the retainer agreement was signed, that the offer had been withdrawn, and that it was dependent on a change in control of the employer's business, which no evidence indicated had occurred. The court also found that "it was the intent of the parties that the attorney's fee be calculated by subtracting $28,359 from the gross recovery and then multiplying that number by the applicable contingency percentage which is one-third." As the amount recovered was $175,000, respondent was entitled to $48,880.08. Finally, the court ruled that respondent was entitled to prejudgment interest on the attorney fees starting from August 22, 2012, as that was the date appellant sent an e-mail to Blumberg disputing the fees respondent was seeking. The court also found that respondent was entitled to reasonable costs in the amount of $1,466.40.

As to appellant's cross-complaint, the trial court ruled that the cross-complaint stated no viable cause of action, as appellant, in failing to initial the arbitration clause, never agreed to arbitrate any fee dispute. The court further found the cross-complaint barred by the court's previous denial of appellant's motion to compel arbitration. The court granted respondent's motion for judgment on the cross-complaint pursuant to section 631.8. Judgment in favor of respondent on both its complaint and appellant's cross-complaint was entered September 2, 2014.

On September 15, 2014, appellant filed a notice of intent to move for a new trial. In support of the motion for a new trial, appellant contended the trial court had abused its discretion in not granting relief from his inadvertent jury waiver, arguing for the first time that he had relied on a former local court rule. Appellant also argued that the court erred in admitting the redacted copy of the settlement agreement, as the admission of the settlement amount violated mediation confidentiality. He specifically argued that without the "inadmissible" settlement agreement, "there [was] insufficient evidence to support the decision and damages are excessive." Finally, appellant argued that no evidence supported the starting date for prejudgment interest.

Respondent opposed the motion for a new trial. It argued that appellant had forfeited his argument that the court abused its discretion in denying appellant's request for a jury trial, because his request had been based on an entirely different ground, viz., an amendment to section 631. Respondent further argued that the settlement amount was admissible, as the parties to the settlement had agreed that the terms of the agreement were admissible and could be disclosed under seal to a court of law. Finally, respondent argued that Blumberg's trial testimony supported the starting date for prejudgment interest.

On October 2, 2014, the trial court denied appellant's motion for a new trial. Appellant timely noticed an appeal from the judgment following trial.

## DISCUSSION

A.  *Appellant has not Waived his Right to Appeal.*

Respondent previously filed a motion to dismiss the instant appeal, which this court summarily denied.  Respondent now renews the motion.  (See, e.g., *Ellis v. Ellis* (2015) 235 Cal.App.4th 837, 841, fn. 5 [summary denial of motion to dismiss does not preclude later consideration by full panel].)  Respondent contends appellant waived his right to appeal by voluntarily agreeing to pay the money judgment as part of a compromise.  (See, e.g., *Ryan v. California Interscholastic Federation* (2001) 94 Cal.App.4th 1033, 1041 [voluntary compliance with or satisfaction of a judgment, as part of compromise or coupled with an agreement not to appeal, constitutes implied waiver of right to appeal].)  We find no waiver.  Respondent's offer of compromise was not conditioned on appellant's waiver of his right to appeal.  Moreover, prior to full performance, appellant expressly reserved his right to appeal the judgment.  Accordingly, the motion to dismiss the appeal is denied.

B.  *The Trial Court did not Abuse its Discretion in Denying Appellant's Motion for Relief from his Waiver of Jury Trial.*

Under section 631, parties to a civil action have a right to a jury trial. Appellant waived his right to a jury trial by failing to timely deposit the jury fees. (See § 631, subd. (f) [enumerating grounds for waiver].)  Under section 631, subdivision (g), however, a court "may, in its discretion upon just terms, allow a trial by jury although there may have been a waiver of a trial by jury."  Appellant contends the trial court abused its discretion in denying his motion for relief from

8

his waiver of a jury trial, as he inadvertently relied on a former local rule of the Los Angeles Superior Court, and his deposit of jury fees would have been timely under the former rule. We discern no abuse of discretion.

At the time of trial, appellant argued he should be relieved from his waiver of a jury trial because an amendment to section 631 in late 2012 resulted in his untimely payment of jury fees. The court rejected the argument, noting that the current version of section 631 was in effect prior to the filing of the complaint and that appellant had not explained the delay. That ruling was well within the court's discretion. Appellant's argument that he relied upon a superseded local rule was not made until after trial had concluded. Accordingly, the argument was forfeited. Appellant has not shown that the trial court erred in denying his motion for relief from his waiver of a jury trial.

C. *The Retainer Agreement was not Voidable.*

The trial court concluded that respondent was entitled to $48,880.08 in fees and $1,466.40 in costs. Appellant contends respondent was entitled to no fees or costs, as the retainer agreement was voidable and appellant was exercising his right to void the contract.

Business and Professions Code section 6147, subdivision (a) provides that "[a]n attorney who contracts to represent a client on a contingency fee basis shall, at the time the contract is entered into, provide a duplicate copy of the contract, signed by both the attorney and the client . . . . The contract shall be in writing and shall include, but is not limited to, all of the following:  [¶]  (1) A statement of the contingency fee rate . . . .  [¶] . . . [¶]  (3) A statement as to what extent, if any, the client could be required to pay any compensation to the attorney for related matters that arise out of their relationship not covered by their contingency fee contract. . . ." "Failure to comply with any provision of this section renders the

9

agreement voidable at the option of the plaintiff, and the attorney shall thereupon be entitled to collect a reasonable fee." (Bus. & Prof. Code, § 6147, subd. (b).)

Appellant contends the retainer agreement was voidable under Business and Professions Code section 6147, as (1) the agreement did not set forth the specific numbers needed to compute the contingency fee, such as the gross recovery amount; (2) the details of the gross recovery amount and other figures were set forth in e-mails not signed by both parties; and (3) the agreement lacked a "related matters" provision -- which was necessary as the retainer agreement purportedly involved only age-related discrimination claims and appellant recovered on an employment severance agreement. We disagree.

Business and Professions Code section 6147 requires only the *contingency fee rate* be specified, and the retainer agreement here specified that rate. Interpreting the statute to require that all factors needed to compute the final contingency fee be specified is contrary to the plain language of the statute. Moreover, appellant's interpretation would lead to the absurd result that contingency fee agreements would always be voidable, as the exact amount of the fee is contingent on factors not known until final resolution of the matter. For example, here, the amount of the contingency fee was a percentage of the gross recovery, an amount that could not be determined until appellant's former employer agreed to settle the matter for a specific sum. Similarly, Business and Professions Code section 6147 does not require that the e-mails detailing the gross recovery amount and severance amount be signed by both parties, as those amounts are not contingency fee rates.

Finally, no "related matters" provision was required, as any legal work related to the employment severance agreement was covered by the contingency fee contract. (Bus. & Prof. Code, § 6147, subd. (b).) The retainer agreement

provided that respondent was retained to represent appellant on any claim "arising out of [his] employment termination." A claim based on an employment severance agreement falls within that contractual language. In short, the retainer agreement was not voidable under Business and Professions Code section 6147.

D. *The Trial Court Properly Considered Parol Evidence in Interpreting the Retainer Agreement.*

Appellant next contends the trial court erred in admitting parol evidence to interpret the retainer agreement's contingency fee provision. "The decision whether to admit parol evidence involves a two-step process. First, the court provisionally receives (without actually admitting) all credible evidence concerning the parties' intentions to determine 'ambiguity,' i.e., whether the language is 'reasonably susceptible' to the interpretation urged by a party. If in light of the extrinsic evidence the court decides the language is 'reasonably susceptible' to the interpretation urged, the extrinsic evidence is then admitted to aid in the second step -- interpreting the contract." (*Winet v. Price* (1992) 4 Cal.App.4th 1159, 1165.) Here, the contingency fee provision was reasonably susceptible to respondent's interpretation that attorney fees were to be one-third the amount of gross recovery in excess of $28,360. Thus, the court properly considered parol evidence in interpreting the contractual provision.

Citing *Alderman v. Hamilton* (1988) 205 Cal.App.3d 1033 (*Alderman*) and *Lane v. Wilkins* (1964) 229 Cal.App.2d 315 (*Lane*), appellant contends that any ambiguity in the retainer agreement should have been construed against respondent. Appellant asserts that under this rule of contract interpretation, respondent would not have been entitled to any fees. We find no error in the trial court's interpretation of the contingency fee provision.

11

In *Alderman*, the appellate court restated the rule set forth in Civil Code section 1654 that "[i]n cases of uncertainty not removed by the preceding rules [of contract interpretation], the language of a contract should be interpreted most strongly against the party who caused the uncertainty to exist." (*Alderman*, *supra*, 205 Cal.App.3d at p. 1037 [stating that attorney fee agreements are strictly construed against attorney who drafted the agreement].) One such rule of contract interpretation is found in Civil Code section 1647, which provides that "[a] contract may be explained by reference to the circumstances under which it was made, and the matter to which it relates." Thus, where extrinsic evidence would resolve any uncertainty in contractual language, the contingency fee provision should not be interpreted against respondent. On the other hand, as explained in *Lane*, where "little, if any, extrinsic evidence [was] adduced at the trial relating to alleged ambiguity in the portions of the agreement," the trial court should apply the general rule that if there is any ambiguity as to the intent of the parties, the construction most favorable to the client should be adopted. (*Lane*, *supra*, 229 Cal.App.2d at p. 323.) Here, the trial court properly considered parol evidence, and that evidence established the parties' intent with respect to the attorney fee calculation. (See, e.g., *Houge v. Ford* (1955) 44 Cal.2d 706, 711-712 [rejecting argument that because defendant attorney prepared contingent fee contract, any possible doubt as to its meaning should be resolved against defendant; finding that admissible extrinsic evidence resolved any doubt as to meaning].)

Finally, appellant contends that it would be unfair to allow respondent to submit parol evidence in support of its contract interpretation when respondent had asserted work product privilege with respect to certain evidence requested by appellant. A review of appellant's discovery request shows that the evidence was

not relevant to the issue of interpreting the contingent fee provision.  Appellant requested any and all notes and/or minutes that respondent took during meetings or conversations with appellant referring to the potential engagement of the law firm.  Respondent produced two of five identified documents, and asserted that the three remaining documents were not relevant to the contingency fee provision.  Appellant has not demonstrated otherwise.  Moreover, appellant has not shown how he was prejudiced, as he was free to testify about the contents of the meetings or telephone conversations.  In short, appellant has not shown the trial court erred in considering parol evidence to interpret the contingency fee provision.

E.     *Mediation Confidentiality did not Preclude the Trial Court from Considering the Redacted Settlement Agreement in Determining the Attorney Fees.*

Appellant contends the trial court erred in admitting a redacted copy of the settlement agreement between appellant and his former employer that showed the settlement amount.  He contends the settlement agreement was subject to mediation confidentiality under Evidence Code section 1119, subdivision (b).  That statutory provision provides that "[n]o writing . . . that is prepared for the purpose of, in the course of, or pursuant to, a mediation . . . , is admissible or subject to discovery, and disclosure of the writing shall not be compelled, in any . . . civil action, . . . in which, pursuant to law, testimony can be compelled to be given."

Mediation confidentiality is subject to statutory exceptions set forth in the Evidence Code.  Specifically, Evidence Code section 1122, subdivision (a) provides that "[a] communication or a writing . . . that is made or prepared for the purpose of, or in the course of, or pursuant to, a mediation . . . , is not made inadmissible, or protected from disclosure, by provisions of this chapter if either of the following conditions is satisfied:  [¶]  (1) All persons who conduct or otherwise participate in the mediation expressly agree in writing . . . , to disclosure of the

13

communication, document, or writing." In addition, Evidence Code section 1123 provides that "[a] written settlement agreement prepared in the course of, or pursuant to, a mediation, is not made inadmissible, or protected from disclosure, by provisions of this chapter if the agreement is signed by the settling parties and any of the following conditions are satisfied: [¶] (a) The agreement provides that it is admissible or subject to disclosure, or words to that effect. [¶] (b) The agreement provides that it is enforceable or binding or words to that effect. [¶] (c) All parties to the agreement expressly agree in writing . . . to its disclosure. . . ."

Here, the settlement agreement provides that "It is the intent of the Parties, pursuant to Evidence Code sections 1122(a)(1) and 1123, that all of the terms of this Settlement Agreement shall be admissible and may be disclosed under seal to a court of law and shall be enforceable and binding upon them in a court of law." Thus, by its own terms, the settlement agreement was admissible in the instant litigation. The trial court did not err in admitting the redacted copy of the settlement agreement.[4]

F.     *The Court did not Err in Awarding Prejudgment Interest.*

Appellant contends the trial court abused its discretion in awarding prejudgment interest as respondent's claim was not liquidated. Civil Code section 3287, subdivision (a) provides that a person who is entitled to recover damages "certain, or capable of being made certain by calculation" is also entitled to recover prejudgment interest. Here, the amount of fees was capable of being made certain by calculation. Although appellant disputed the formula used to calculate the fees, the trial court properly considered extrinsic evidence to determine the formula the

---

[4]     The fact that the settlement agreement was redacted does not suggest respondent conceded that mediation confidentiality applied. Rather, the agreement was redacted to remove any irrelevant provisions.

14

parties had agreed to use. Once the correct formula was determined, the fee amount could be calculated to a legal certainty.

Appellant's reliance on *Marine Terminals Corp. v. Paceco, Inc.* (1983) 145 Cal.App.3d 991 is misplaced. That case states the general principle that prejudgment "[i]nterest is not allowable as a matter of right where the amount of damages is unliquidated and depends upon the jury's resolution of conflicting evidence." (*Id*. at p. 995, italics omitted.) However, the amount of damages here was liquidated, i.e., certain or capable of being made certain by calculation.

Appellant further contends that respondent was not entitled to prejudgment interest under rule 4-100(B)(4) of the Rules of Professional Conduct because it delayed four months in filing the instant complaint. Appellant did not raise this argument below and thus it is forfeited. (See *Piscitelli v. Friedenberg* (2001) 87 Cal.App.4th 953, 983 ["As a general rule, a new theory may not be presented for the first time on appeal unless it raises only a question of law and can be decided based on undisputed facts."].) To the extent the argument is cognizable, appellant has not demonstrated that a delay of four months before filing the instant complaint was unreasonable.

Finally, appellant contends there was no substantial evidence to support the starting date (August 22, 2012) to calculate prejudgment interest. Civil Code section 3287, subdivision (a) provides that prejudgment interest accrues on the day that damages are certain or capable of being made certain. (See, e.g., *Polster, Inc. v. Swing* (1985) 164 Cal.App.3d 427, 434 ["Prejudgment interest runs from the date when damages are certain or are capable of being calculated to a certainty."].) Respondent contends, and appellant does not dispute, that Blumberg testified that on August 22, 2012, appellant sent the e-mail disputing the fees as calculated by respondent. That fee calculation was the same calculation the trial court

15

determined was intended by the parties. Thus, there was substantial evidence in the record to support the starting date to calculate prejudgment interest. (*In re Frederick G.* (1979) 96 Cal.App.3d 353, 366 ["The testimony of a single witness is sufficient to uphold a judgment."].) In sum, appellant has not demonstrated the trial court abused its discretion in awarding prejudgment interest.

G. *The Court did not Err in Entering Judgment for Respondent on Appellant's Cross-complaint.*

Section 631.8 provides that, "After a party has completed his presentation of evidence in a trial by the court, the other party . . . may move for a judgment. The court as trier of the facts shall weigh the evidence and may render a judgment in favor of the moving party . . . . Such motion may also be made and granted as to any cross-complaint." Appellant contends the trial court erred in granting respondent's motion for judgment on his cross-complaint pursuant to section 631.8, as the arbitration clause in the retainer agreement was enforceable. We disagree.

We have independently reviewed the arbitration clause in the retainer agreement, and conclude that it was not effective without appellant's initials. As noted, the arbitration clause provides that "[b]y initialing below, Client . . . voluntarily agrees to binding arbitration." The court found, and appellant does not challenge, that he failed to initial the arbitration clause. Thus, the cross-complaint stated no viable cause of action. Accordingly, the trial court did not err in granting judgment in favor of respondent and against appellant on the cross-complaint.

16

## DISPOSITION

The judgment is affirmed.  Respondent is entitled to its costs on appeal.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



MANELLA, J.



We concur:



EPSTEIN, P. J.



COLLINS, J.

17